UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18:-cv-61513-JEM

WESTCHESTER FIRE INSURANCE COMPANY,
a Pennsylvania corporation,

       Plaintiff,

v.

PIONEER CONSTRUCTION MANAGEMENT SERVICES, INC., a Florida corporation and DYAN RUEL MILES, an individual,

       Defendants.
_____/

## AFFIDAVIT OF MELISSA RICE

**COMMONWEALTH OF PENNSYLVANIA** )
    )
**COUNTY OF PHILADELPHIA** )

    **Melissa Rice, having been duly sworn, according to law, deposes and says:**

    1.    I am over eighteen years of age and I have personal knowledge of the facts set forth herein.

    2.    I am currently employed by Chubb North American Claims, located at 436 West Walnut Street, WA10A, Philadelphia, Pennsylvania, 19106 (Chubb or the Company), as a Senior Claims Specialist.   I have been employed in that role with the Company since March of 2012.

1

3. Chubb is the parent company for Westchester Fire Insurance Company (Westchester or Surety) and is the claims adjuster for Westchester, with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania, 19106. As claims adjuster for Westchester, Chubb reviews and settles claims asserted against bonds issued by Westchester.

4. As Senior Claims Specialist for the Company, it is my responsibility, in the regular course of business to obtain, maintain records, and review documents, related to claims filed on performance and payment bonds issued by Westchester. I am familiar with those records, and in the manner in which they are created, stored, and maintained by Chubb. The documents, attached hereto as Exhibits A-1 through A-11, are records kept by Chubb in the regular course of business. The claims documents contained herein were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters. The records attached hereto are the exact duplicates of the originals contained in the Chubb's Claims File.

5. I am the claims representative charged with maintaining and reviewing the file and documents related to the claims arising out of bonds issued pursuant to the Indemnity Agreement entered into by and between the Surety, and Pioneer Construction Management Services, Inc. (Pioneer Construction), and Mr. Dyan Ruel Miles (Miles), dated February 17, 2012 (the Indemnity Agreement), a true and accurate copy of which is attached hereto as **Exhibit A-1**.

6. As Senior Claims Specialist, I have reviewed the documents contained in the Pioneer Construction Claims File and have personal knowledge of its contents and accordingly state as follows:

7. Based on the Indemnity Agreement signed by the parties, wherein Westchester received, among other things, the written promise of Pioneer Construction and Miles, to jointly

and severally, indemnify and hold Westchester harmless from any and all loss, claims, and expenses that Westchester might sustain as a consequence of executing and issuing payment and performance bonds on behalf of Pioneer Construction, Westchester agreed to issue payment and performance bonds. The Indemnity Agreement specifically states that it is a continuing agreement to remain in place until terminated pursuant to its terms. See **Exhibit A-1**, Indemnity Agreement, Para. 31.

8. Pursuant to the terms of the Indemnity Agreement, and in reliance thereon, Westchester issued bonds to Pioneer Construction as bond principal for various construction projects in Broward and Miami-Dade counties, including:

   a. **Bond No. K09007945,** dated May 30, 2014, in the amount of $1,500,000.00 to Pioneer Construction, as bond principal, and Broward County Board of County Commissioners as obligee ("Bond 7945").  A copy of the Bond 7945 is attached hereto as **Exhibit A-2.**

   b. **Bond No. K09263974,** dated September 16, 2015, in the amount of $882,491.00 (hereafter "Bond 3974").  A copy of Bond 3974 is attached hereto as **Exhibit A-3**.

(Hereafter, Bond 7945 and Bond 3974 shall be collectively referred to as the "Bonds").

9. Bond 7945 guaranteed the payment and construction performance of Pioneer Construction for certain construction projects requested by Broward County including construction improvements at: (1) Tree Tops Park in the city of Davie, Florida (the "Tree Tops Project"); (2) the North Broward Judicial Cooling Tower Project ("Judicial Tower Project"); and (3) the Hollywood Library in Hollywood, Florida (the "Hollywood Library Project").

10. Bond 3974, guaranteed the payment and construction performance of Pioneer Construction to the School Board of Miami-Dade County (as obligee), on a project described as the Irving & Beatrice Peskoe K-8 Center Renovation in Miami-Dade County (the "Peskoe

Project"), pursuant to a contract executed on September 8, 2015. Bond 3974, **Exhibit A-3**.

11. Pioneer Construction has defaulted on the Bonds. In particular, Pioneer Construction has failed to pay various subcontractors on four construction projects supported by the Bonds: Tree Tops Project, Judicial Tower Project, the Hollywood Library Project, and the Peskoe Project.

12. Claims or demands for payment have been made against Westchester under the terms of the Bonds. Specifically, to date, the following claims have been asserted against the Bonds (hereafter collectively, the "Claims"):

| | | |
|---|---|---|
| a. | Johnson Controls<br>Tree Tops Project<br>Bond 7945 | $81,582.00 |
| b. | Johnson Controls<br>Judicial Tower Project<br>Bond 7945 | $32,504.50 |
| c. | Daikin Applied Americas, Inc.<br>Hollywood Library Project<br>Bond 7945 | $63,895.89 |
| d. | Marmich<br>Peskoe Project<br>Bond 3974 | $32,691.52 |
| e. | Trane<br>Peskoe Project<br>Bond 3974 | $17,736.07 |
| | **Total:** | **$228,409.98** |

**Marmich/Trane Claim -Peskoe Project - Bond 3974**

13. Marmich Air Conditioning Inc. ("Marmich"), a subcontractor on the Peskoe Project, executed a Notice of Non-Payment, dated February 16, 2017, for labor and materials in the amount of $44,761.35, provided under an order given by Pioneer Construction on the Peskoe

4

Project pursuant to an agreement entered into by the parties on July 6, 2015. (hereafter the "Marmich Claim").  A true and accurate copy is attached as part of **Marmich/Trane Claim, Composite Exhibit A-4.**

14. Marmich subsequently provided Chubb/Westchester with a proof of claim for the non-payment of labor and materials (Marmich Proof of Claim).  A true and accurate copy dated March 8, 2017, is attached as part of the **Marmich/Trane Claim, Composite Exhibit A-4**.

15. The Marmich Proof of Claim included a claim by Trane US, a subcontractor to Marmich which provided services and materials in the amount of $18,846.07 ("Trane Claim"). **Marmich/Trane Claim, Composite Exhibit A-4**.

16. Chubb, as adjuster for the claim, reviewed the claims file and after conducting a due investigation, determined the Marmich and Trane Claims were valid and approved and paid the Marmich Claim in the amount of $32,691.52 and the Trane Claim in the amount of $17,736.07. True and accurate copies of the checks are attached as part of the **Marmich/Trane Claim, Composite Exhibit A-4**.

17. Accordingly, on June 20, 2017, Marmich executed a Final Waiver Release and Affidavit of Payment on the claim in the amount of $32,691.52.  A true and accurate copy is attached as part of **Marmich/Trane Claim, Composite Exhibit A-4**.

18. And on June 20, 2017, Trane US, Inc., executed its Final Waiver, Release and Affidavit of Payment acknowledging payment for its claims against Westchester, under Payment Bond for the Peskoe Project Bond 3974. A true copy is attached hereto as part of the **Marmich/Trane Claim, Composite Exhibit A-4.**

### Johnson Controls Claim - Tree Tops Project - Bond 7945

19.     On August 16, 2016, Johnson Controls Inc. ("Johnson Controls"), entered into a contract as a subcontractor to furnish services and HVAC materials to Pioneer Construction on the Tree Tops Project. A copy is attached as part of the **Johnson Tree Tops Claim, Composite Exhibit A-5.**

20.     On October 25, 2017, Johnson Controls provided Westchester with a Payment Bond Claim Notice, notifying Surety, that Pioneer Construction owed a total of $81,582.00 for the services and materials Johnson Controls had provided in the Tree Top Project (hereafter "Johnson Tree Tops Claim"). A copy of **Johnson Tree Tops Claim** attached as **Composite Exhibit A-5**. On November 15, 2017, Johnson Controls provided Westchester with a Proof of Claim for the Johnson Tree Top Claim. A copy is attached as part of **Johnson Tree Tops Claim**, **Composite Exhibit A-5.**

21.     After a due investigation of the claim, Chubb determined it was a valid claim and paid the Johnson Tree Tops Claim in the amount of $81,582.00. A copy of the payment is attached hereto as part of **Johnson Tree Tops Claim, Composite Exhibit A-5.** Accordingly, on March 21, 2018, Johnson Controls executed a Final Waiver, Lien Release and Assignment, Contingent Upon Payment In the Amount of $81,582.00. A copy is attached as part of **Johnson Tree Tops Claim, Composite Exhibit A-5.**

### Johnson Claim- Judicial Tower Project – Bond 7945

22.     Johnson Controls, under a separate contract dated March 11, 2016, furnished HVAC equipment and services as a subcontractor to Pioneer Construction on the Judicial Tower Project. A copy is attached as part of the **Johnson Judicial Tower Claim, Composite Exhibit A-6**.

23. On November 8, 2017, Johnson Controls submitted a Notice of Nonpayment to Westchester, dated November 7, 2016 ("Johnson Judicial Tower Claim"). The notice, addressed to both Pioneer Construction and Westchester, claimed that Johnson Controls had furnished labor and materials on the Judicial Tower Project at the request of Pioneer Construction and had not been paid in full and the amount due and owing was $32,504.50. A copy is attached as part of the **Johnson Judicial Tower Claim**, **Composite Exhibit A-6**.

24. On or around December 7, 2017, Johnson Controls submitted a proof of claim to Pioneer Construction and Chubb, alleging Pioneer Construction owed a total of $32,504.50. A copy is attached as part of the **Johnson Judicial Tower Claim, Composite Exhibit A-6**.

25. After conducting a due investigation, Surety determined that the claim was valid and paid the Johnson Judicial Tower Claim in the amount of $32,504.50. A true and accurate copy of the payment is attached as part of the **Johnson Judicial Tower Claim, Composite Exhibit A-6**.

26. Accordingly, Chubb obtained a Final Waiver, Lien Release and Assignment, Contingent Upon Payment in the Amount of $32,504.50. A copy is attached as part of the **Johnson Judicial Tower Claim, Composite Exhibit A-6.**

**Daikin Claim – Hollywood Library Project – Bond No. 7945**

27. On or about April 3, 2017, Pioneer Construction issued a purchase order to Daikin Applied Americas Inc. ("Daikin"), for HVAC equipment in the amount of $89,040.00, for the Hollywood Library Project. On May 2, 2017, Daikin issued an invoice for $25,000.00 prior to shipment of the chiller to Pioneer Construction and on or about June 9, 2017, Pioneer Construction paid Daikin $25,000.00 prior to shipment. A copy of the purchase order, invoice, and check are attached hereto as part of the **Daikin Claim, Composite Exhibit A-7.**

7

28. On or about August 14, 2017, Daikin furnished HVAC equipment (a chiller) for the Hollywood Library Project at the request of Pioneer Construction. A copy of the proof of delivery is attached as part of the **Daikin Claim, Composite Exhibit A-7**.

29. On October 23, 2017, Daikin executed a Notice of Nonpayment, Notice of Claim Against Contractor's Payment Bond claiming it had not been paid in full for materials furnished for the Hollywood Library Project in the amount of $63,895.89 ("Daikin Claim").  And on January 29, 2018, Daikin submitted a Proof of Claim to Westchester and Chubb seeking reimbursement for the outstanding balance due and owing from Pioneer Construction in the amount of $63,895.89. Copies of the Notice of Claim and Proof of Claim are attached hereto as part of the **Daikin Claim, Composite Exhibit A-7**.

**Surety Demand For Collateral, Payment, and Indemnification**

30. On September 21, 2017, Chubb, seeking indemnification on behalf of Westchester, and pursuant to the terms of the Indemnity Agreement, sent a letter to Pioneer Construction and Miles seeking reimbursement for the amounts paid to Marmich ($32,691.52) and Trane ($17,736.07).  A copy is attached hereto as **Exhibit A-8.**

31. Similarly, on December 19, 2017, Chubb, on behalf of Westchester, seeking indemnification under the terms of the Indemnity Agreement, notified Pioneer Construction and Miles that it was in receipt of several bond claims including (1) the Johnson Tree Tops Claim in the amount of $81,582.00; (2) the Johnson Judicial Tower Claim in the amount of $32,504.50; (3) the Marmich Air Conditioning claim, which included the Trane Claim for a combined total of $50,427.59.  A copy of the December 19, 2017 letter is attached as **Exhibit A-9** hereto**.**

32. On May 14, 2018, Westchester, through counsel, and pursuant to the terms of the

Indemnity Agreement, issued a Demand for Indemnity and Collateral. A copy of the letter is attached as **Exhibit A-10** hereto.

33. On June 1, 2018, Westchester, through its undersigned counsel requested payment for the Daikin Claim. See **Exhibit A-11** hereto.

34. Under the terms of the Bonds, Westchester has incurred an obligation to pay the Claims. Furthermore, it has discharged all Claims except for the Daikin Claim which to date remains unpaid.

35. Chubb, on behalf of Westchester, has made repeated attempts to contact Pioneer Construction and Miles, to resolve the matter, to which neither has adequately responded. To date, neither Pioneer Construction nor Miles has indemnified Westchester for the Claims losses it has incurred for a total of $228,409.98.

36. In addition to direct claim losses, Westchester continues to suffer losses under the Bonds in the form of loss-adjusting expenses, attorneys' fees to date, in the amount of $29,674.00, and consultancy fees in pursuing the enforcement of the parties joint and several obligations under the Indemnity Agreement. Westchester and Chubb reasonably expect further losses to occur.

37. Moreover, to date, Pioneer Construction and Miles have, jointly and severally, defaulted upon their obligations under the Indemnity Agreement by failing or refusing to post collateral, to indemnify and reimburse the Surety for the Claims, that have been paid on their behalf, and by failing or refusing to indemnify and reimburse the Surety for its loss adjusting expenses, attorneys' fees and consultancy fees.

38. In sum, Pioneer Construction and Miles, jointly and severally, owe Surety the principal amount of $228,409,98, for incurred claim losses, and for potential claim losses, allocated expenses for consulting and legal representation, loss-adjustment expenses, and pre-

judgment interest.

FURTHER AFFIANT SAITH NAUGHT.

*MELISSA M. RICE*

**Commonwealth of Pennsylvania**

**County of Philadelphia**

Signed and sworn to (or affirmed) before me on July 2, 2018 (date) by Melissa Rice (name(s) of individual(s) making statement.

Signature of notarial officer _Karen Brandt_

Stamp

Title of office

My commission expires: 9/26/2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN E. BRANDT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Sept. 26, 2018