

## AGREEMENT OF INDEMNITY

This Agreement of Indemnity ("AGREEMENT"), is made and entered into by the following individuals, partnerships and/or corporations
  PIONEER CONSTRUCTION MANAGEMENT SERVICES INC
      5713 HOLLYWOOD BLVD
          HOLLYWOOD FLORIDA  33021

as PRINCIPAL(s) and

| INDEMNITOR(s) | Social Security or EIN Number | Mailing Address |
|---|---|---|
| DYAN RUEL MILES | 41-2242680 | 5713 Hollywood Blvd, Hollywood FL  33021 |

as INDEMNITOR(s) and Westchester Fire Insurance Company, as SURETY.

### WITNESSETH

WHEREAS, PRINCIPAL(s), in the performance of contracts and the fulfillment of obligations generally, whether solely in its own name or as co-venturer with others, may desire, or be required to give or procure certain BOND(s), and to renew, or continue or substitute the same from time to time with the same or different BOND amounts, and/or conditions or to refrain from canceling said BOND(s);

WHEREAS, at the request of PRINCIPAL(s) and/or INDEMNITOR(s) or both and upon the express understanding that this AGREEMENT should be given, SURETY has executed or caused to be executed, and may from time to time hereafter execute or cause to be executed, said BOND(s) on behalf of the PRINCIPAL(s);

WHEREAS, PRINCIPAL(s) and INDEMNITOR(s) have a substantial, material and beneficial interest in the obtaining, renewing, continuing or substituting of BOND(s); and

WHEREAS, SURETY has relied upon and will continue to rely upon the representations of PRINCIPAL(s) and INDEMNITOR(s) as to their character, identity, control, beneficial and legal ownership, financial condition and existence in procuring or executing BOND(s).

NOW THEREFORE, in consideration of the above stated premises, and of other good and valuable consideration, the receipt of which is hereby acknowledged, PRINCIPAL(s) and INDEMNITOR(s) for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with SURETY, its successors and assigns, as follows:

### DEFINITIONS

**FIRST:** Where they appear in this AGREEMENT and any addenda hereto, the following terms are defined as set forth in this paragraph:

"BOND(s)" means an undertaking or a contract of suretyship, guaranty or indemnity, or an agreement, consent or letter to provide such an undertaking or contract, and the continuation, extension, alteration, renewal or substitution of such an undertaking, contract, agreement, consent or letter, whether with the same or different amounts or conditions, executed or procured by SURETY before or after the date of this AGREEMENT (excluding at the option of SURETY any BOND(s) which are written by SURETY in reliance upon another valid and enforceable agreement of indemnity in favor of SURETY).

"CONTRACT(s)" means an agreement executed between PRINCIPAL(s) and a third party, together with all associated documents (including, but not limited to, general and special conditions, specifications and drawings) or an undertaking made, obligation or duty assumed, either statutory or otherwise, for which SURETY executes or procures the execution of a BOND(s).

"EVENT OF DEFAULT" means any one or more of the following:

A. Any notice of default by an obligee on any BOND(s) due to abandonment, forfeiture, breach of, or failure, refusal or inability to perform any CONTRACT or obligation contained therein or in the BOND(s) itself, whether actual or alleged;
B. Any failure, delay, refusal or inability of PRINCIPAL(s) to pay claims, bills or other indebtedness incurred in, or in connection with the performance of any CONTRACT;
C. The failure to perform, or comply with the terms, covenants or obligations in this AGREEMENT;
D. The failure to pay or discharge, when due, all indebtedness of PRINCIPAL(s) and/or INDEMNITOR(s) to SURETY;
E. An assignment by PRINCIPAL(s) for the benefit of creditors, or the appointment or an application by PRINCIPAL(s) for the appointment of a receiver or trustee for PRINCIPAL(s) or its property, solvent or not, or if proceedings for the appointment of a receiver or trustee for liquidation, reorganization or arrangement of PRINCIPAL(s) shall be initiated by others;
F. If PRINCIPAL or INDEMNITOR is an individual, the death, disappearance, declaration of incompetence, conviction of a felony, imprisonment, or, if PRINCIPAL(s) and/or INDEMNITOR(s) is not an individual, any change in character, identity, control, arrangement, legal or beneficial ownership or existence of such PRINCIPAL(s) and/or INDEMNITOR(s);
G. Any proceeding or the exercise of any rights by any individual or entity which deprives or impairs the PRINCIPAL's use of its plant, machinery, equipment, plan, drawings, tools, supplies or materials;

Contract Indemnity Form (Ed: 05/01/06)



H. In the event that CONTRACT(s), or any portion thereof, relates to the development of real property or construction of improvements upon real property: (i) the failure of PRINCIPAL(s) to pay for labor and materials ordered or used in connection with such development or construction of improvements; (ii) the diversion or non-use by PRINCIPAL(s) of loan funds, equity funds or materials intended by any lender, equity contributor or supplier of such funds or materials to be used and which are needed to perform the CONTRACT(s); or (iii) the voluntary or involuntary cessation or suspension of work required to be performed by PRINCIPAL(s) in connection with the CONTRACT(s);

I. The failure of PRINCIPAL(s), INDEMNITOR(s) to promptly furnish accurate, complete and current financial statements upon request of SURETY or the furnishing of a financial statement which contains any material misstatement or misrepresentation whether intentional or unintentional;

J. Any suspension, revocation or other material adverse change in the status of any license of PRINCIPAL(s) with any applicable licensing board or agency that is required to perform the CONTRACT(s) or discharge any obligation under any BOND(s); and

K. The occurrence of any event other than specified in A. through J. herein which, in the SURETY's sole opinion, may expose SURETY to loss, cost or expense including, but not limited to, a material adverse change in the financial condition of the PRINCIPAL(s) and/or INDEMNITOR(s).

"PRINCIPAL(s)" means any individual or entity for which SURETY executes BOND(s) including any one, combination of, or all of the named individuals, partnerships, or firms or corporation set forth above, any of their present or future subsidiaries, affiliates, whether a corporation, partnership or other entity, their successors in interest, whether acting alone or in joint venture with others not named herein, including any such individual or entity for which SURETY executes BOND(s) or any unrelated individual or entity for which SURETY executes BOND(s) at the request of any INDEMNITOR(s).

"SURETY" means Westchester Fire Insurance Company and its successors, assigns, affiliates, associates and subsidiary companies.

### NOTICE TO SURETY OF ANTICIPATED CHANGE IN NATURE OF PRINCIPAL(s)/INDEMNITOR(s)

**SECOND:** Written notice must be given by PRINCIPAL(s) and/or INDEMNITOR(s) at the earliest practical time of any anticipated change or negotiations entered into by PRINCIPAL(s) or INDEMNITOR(s) for any anticipated change in the character or identity of PRINCIPAL(s) or INDEMNITOR(s), or of a change of 5% or more in the beneficial or legal ownership of the stock of PRINCIPAL(s) and/or INDEMNITOR(s). Upon receipt of said notice, SURETY shall have the right to examine the books and records and other documents and information pursuant to the Sixteenth paragraph hereof.

### INDEMNITY AND HOLD HARMLESS

**THIRD:** PRINCIPAL(s) and INDEMNITOR(s) shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including but not limited to court costs, counsel fees, costs of investigation, consultant fees, accountant fees, engineer or construction management fees, together with interest thereon at the maximum rate allowed by law, which SURETY may sustain or incur by reason of or in consequence of the:

A. Execution or procurement of the execution of BOND(s);
B. Failure by PRINCIPAL(s) or INDEMNITOR(s) to perform or comply with any of the covenants or conditions of this AGREEMENT;
C. Any Event of Default herein;
D. Enforcement of any covenant of this AGREEMENT;
E. Performance of any investigation, attempt or attainment of any release in connection with any BOND(s) or any loss or unpaid premium in connection with any BOND(s);
F. Prosecution or defense of any action or claim in connection with any BOND(s), whether SURETY, at its own discretion, elects to employ counsel of its own selection or permits or requires PRINCIPAL(s) or INDEMNITOR(s) to make arrangements for SURETY's legal representation; and
G. Attempt to recover losses or expenses paid or incurred in connection with this AGREEMENT, CONTRACT(s) and/or BOND(s).

Payment shall be made to SURETY by the PRINCIPAL(s) and/or INDEMNITOR(s) as soon as liability exists or is asserted against SURETY, whether or not SURETY shall have made any payment therefore. Such payment shall be equal to whatever amount SURETY, in its judgment, shall deem sufficient to protect it from loss. SURETY shall have the right to use the payment or any part thereof, in payment or settlement of any liability, loss or expense for which PRINCIPAL(s) and/or INDEMNITOR(s) would be obligated to indemnify SURETY under the terms of this AGREEMENT.

In the event of payment by SURETY, SURETY shall be entitled in any accounting with PRINCIPAL(s) or INDEMNITOR(s) to reimbursement for any and all disbursements made by it in good faith in and about the matters contemplated by this AGREEMENT under the belief that it was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed. Vouchers or other evidence of any such payments made by SURETY shall be prima facie evidence of the fact and amount of liability to SURETY. PRINCIPAL(s) and INDEMNITOR(s) shall pay to SURETY interest on all disbursements made by SURETY at the maximum rate permitted by law calculated from the date of each disbursement.

### RESERVE-DEPOSIT

**FOURTH:** If for any reason the SURETY shall deem it necessary to establish or to increase a reserve to cover any possible liability or loss for which the PRINCIPAL(s) and INDEMNITOR(s) will be obligated to indemnify SURETY under the terms of this AGREEMENT, PRINCIPAL(s) and INDEMNITOR(s) will deposit with SURETY, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to SURETY for such liability or loss.

SURETY shall have the right to use such deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which PRINCIPAL(s) and/or INDEMNITOR(s) would be obligated to indemnify SURETY under the terms of this AGREEMENT. SURETY shall have no obligation to invest, or to provide a return on the deposit. PRINCIPAL(s) and INDEMNITOR(S) shall be entitled to the return of any unused portion of the deposit upon termination of the liability of SURETY on the BOND(s) and the performance by PRINCIPAL(s) and INDEMNITOR(s) under the terms of this AGREEMENT.

SURETY's demand shall be sufficient if sent by REGISTERED or CERTIFIED MAIL to the PRINCIPAL(s) and INDEMNITOR(s) at the addresses stated herein, or at the addresses last known to SURETY, whether or not such demand is actually received.

### ADVANCES

**FIFTH:** INDEMNITOR(s) hereby authorize and empower SURETY, within SURETY's sole discretion, to guarantee loans, extend SURETY credit, advance, or to lend PRINCIPAL(s) any money, which SURETY may see fit for the purpose of completing CONTRACT(s) or discharging obligations under BOND(s) including such overhead as might be necessary and all such guarantees, credit, advances or loans as well as all costs and expenses incurred by SURETY in relation thereto shall be presumed to be a loss for which PRINCIPAL(s) and INDEMNITOR(s) shall be responsible under this AGREEMENT, notwithstanding that said money or any part thereof should not be used by PRINCIPAL(s).

Contract Indemnity Form (Ed: 05/01/06)

## TRUST FUND

**SIXTH:** All payments received for or on account of any CONTRACT(s) shall be held in a trust fund to assure the payment of obligations incurred or to be incurred in the performance of any CONTRACT(s) and for labor, materials, and services furnished in the prosecution of the work under any CONTRACT(s) or any extensions or modifications thereto. All monies due and to become due under any CONTRACT(s) are also trust funds, whether in the possession of PRINCIPAL(s), INDEMNITOR(s) or otherwise. The trust funds shall be for the benefit and payment of all obligations for which SURETY may be liable under any BOND(s). The trust funds shall inure to the benefit of SURETY for any liability or loss it may have or sustain under any BOND(s), and this AGREEMENT and declaration constitute notice of such trust. The trust funds, unless otherwise restricted or regulated by state or local laws, can be commingled with other funds, but the trust fund nature and purpose as stated in this paragraph shall not be modified nor waived by this commingling provision.

## FUNDS CONTROL

**SEVENTH:** Upon demand by SURETY, PRINCIPAL(s) shall implement the trust or trusts provided for in the SIXTH paragraph of this AGREEMENT by the creation of an account or accounts with a bank or similar depository designated by SURETY, which account or accounts shall be designated as a trust account or accounts for the deposit of such trust funds, and shall deposit therein all monies received for or on account of any CONTRACT(s). Withdrawals from such accounts shall be by check or similar instrument signed by a representative of SURETY. Said trust shall terminate on the payment of all the obligations under the CONTRACT(s) for which the account was created.

## ASSIGNMENT

**EIGHTH:** With respect to each BOND(s) executed by SURETY, PRINCIPAL(s) (with INDEMNITOR(s) hereby consenting), assigns, transfers and conveys to SURETY but subject to the trust created herein:

- A. All monies due or to become due to PRINCIPAL(s) arising out of or in any way related to CONTRACT(s) covered by BOND(s), including but not limited to, progress payments, deferred payments, retained percentages, compensation for extra work, undisbursed loan funds, deposit or reserve accounts, and all collateral pledged by PRINCIPAL(s) and INDEMNITOR(s) to third parties in connection with the CONTRACT(s) or BOND(s);
- B. All of the rights of PRINCIPAL(s) in, or arising in any manner out of, all CONTRACT(s) or BOND(s);
- C. All of the rights, title and interest of the PRINCIPAL(s) in and to all machinery, equipment, plant, tools and materials which are now, or may hereafter be, about or upon the site or sites of any and all of the work under CONTRACT(s) or BOND(s) or elsewhere, including materials purchased for or chargeable to any and all such CONTRACT(s) or BOND(s), which may be in the process of manufacture or construction, in storage elsewhere, or in transportation to any and all of said sites;
- D. All of the rights, title and interest of PRINCIPAL(s) in and to all subcontracts let or to be let in connection with CONTRACT(s) or BOND(s), and in and to all SURETY bonds in favor of PRINCIPAL(s) as oblige relating to such CONTRACT(s) or BOND(s);
- E. All of the rights, title and interest of PRINCIPAL(s) in and to any actions, causes of action, claims, demands or proceeds of such actions, causes of action, claims or demands whatsoever which PRINCIPAL(s) may have or acquire against any party in connection with the CONTRACT(s) including but not limited to those against obligees on BOND(s) design professionals, subcontractors, laborers or materialmen or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools, inventory or other equipment in connection with or on account of any CONTRACT(s) and against any SURETY or sureties of any obligee, subcontractor, laborer, or materialmen;
- F. All monies due or to become due to PRINCIPAL(s) or INDEMNITOR(s) on any policy of insurance relating to any claims or suits arising out of CONTRACT(s) or BOND(s) including, but not limited to, claims or suits under builders risk, fire or employee dishonesty policies, including premium refunds;
- G. Any and all rights, title and interest in or use of any patent, copyright or trade secret which is or may be necessary for completion of CONTRACT(s); and
- H. The above assignment rights are in addition to and not in substitution of any other rights of SURETY arising by operation of law or otherwise.

The above assignments shall become effective as of the date of this AGREEMENT or the date of the BOND(s) whichever occurs first. SURETY agrees to forbear exercising the rights granted to it under this Eighth paragraph until the occurrence of an EVENT OF DEFAULT. Upon the occurrence of an EVENT OF DEFAULT, PRINCIPAL(s) authorizes and empowers SURETY, or any person or persons designated by SURETY, to execute in the name of PRINCIPAL(s) any instruments deemed necessary or desirable by SURETY to provide absolute title to SURETY of any funds, property and rights as are hereby assigned, transferred or conveyed, and PRINCIPAL(s) hereby authorize SURETY or any person or persons designated by SURETY to take immediate possession of such funds, property and rights, to collect such sums as may be due and to endorse, in the name of the PRINCIPAL(s) and to collect any checks, drafts, warrants and or other instruments made and issued in payment of such sums.

SURETY is authorized to assert and prosecute any right or claim assigned in this AGREEMENT in the name of PRINCIPAL(s) and to compromise and settle such right or claim on such terms as it considers reasonable.

SURETY may sell any property assigned to it pursuant to this AGREEMENT at public or private sale, with or without notice, at any time or place, without incurring liability of any kind to PRINCIPAL(s) or INDEMNITOR(s).

## SETTLEMENTS

**NINTH:** SURETY shall have the exclusive right in its name or in the name of PRINCIPAL(s) or INDEMNITOR(s) to adjust, settle or compromise any claim, counterclaim, demand, suit or judgment involving any BOND(s) or to take whatever action it may deem necessary, expedient or appropriate. SURETY's determination as to whether any such claim, counterclaim, demand, suit or judgment should be settled shall be binding and conclusive upon PRINCIPAL(s) and INDEMNITOR(s). The vouchers or other evidence of any such payments made by SURETY shall constitute prima facie evidence of the fact and amount of liability of PRINCIPAL(s) and INDEMNITOR(s) to SURETY.

## PERFECTION OF SECURITY INTEREST

**TENTH:** This AGREEMENT shall constitute a Security Agreement and a Financing Statement for the benefit of SURETY in accordance with the Uniform Commercial Code and any similar statute and may also be used by SURETY without in any way abrogating, restricting or limiting the rights of SURETY. SURETY may add such schedules to this AGREEMENT describing specific items of collateral covered hereunder as shall be necessary. For the purpose of recording this AGREEMENT, a photocopy of this AGREEMENT acknowledged before a Notary Public as being a true copy hereof shall be regarded as an original.

Contract Indemnity Form (Ed: 05/01/06)

## ATTORNEY-IN-FACT

**ELEVENTH:** PRINCIPAL(s) and INDEMNITOR(s) hereby irrevocably nominate, constitute designate and appoint SURETY or any person or persons designated by SURETY as attorney in fact with the right to exercise all of the rights assigned, transferred and set over to SURETY by this AGREEMENT including but not limited to Financing Statements under the Uniform Commercial Code, disbursement of loan proceeds, endorsement of checks or other instruments payable to PRINCIPAL(s) and/or INDEMNITOR(s) under CONTRACT(s) and to execute and deliver any and all additional instruments or documents deemed necessary or desirable by SURETY:

   A. To vest in SURETY absolute title to any and all monies, property and rights hereby assigned, and
   B. To provide the protection and rights to SURETY contemplated by all of the provisions of this AGREEMENT.

PRINCIPAL(s) and INDEMNITOR(s) hereby ratify and confirm all acts and actions taken and done by SURETY as such Attorney-in-Fact.

## TAKEOVER

**TWELFTH:** Upon occurrence of any EVENT OF DEFAULT, SURETY, at its discretion, shall have the right, but not the obligation conferred upon it by law or by the terms of this AGREEMENT, to take possession of any part or all of the work under CONTRACT(s), at the expense of PRINCIPAL(s) and INDEMNITOR(s), to complete or arrange for completion of the work, and to take such steps which, at its discretion, SURETY may deem advisable or necessary to obtain SURETY's release or to avoid or mitigate loss.

In the event that the CONTRACT(s) and/or BOND(s) relate to the performance of a subdivision agreement between PRINCIPAL(s) and a public entity, and an EVENT OF DEFAULT occurs, SURETY shall have the right, but not the obligation, to revert to acreage the real property which is the subject of the subdivision improvement agreement.

## DECLINATION OF SURETYSHIP

**THIRTEENTH:** SURETY may decline to execute any BOND(s) applied for and the PRINCIPAL(s) and INDEMNITOR(s) shall have no cause of action against SURETY in consequence of its failure to execute any BOND(s). If SURETY executes or provides a bid bond or proposal bond, SURETY retains the right to decline to execute the final bond (including, but not limited to, performance, payment or maintenance bonds) that may be required in connection with any award that may be made under the bid or proposal. Evidence of custom and usage will have no bearing on SURETY's right to decline suretyship under this paragraph.

## NOTICE OF EXECUTION

**FOURTEENTH:** INDEMNITOR(s) hereby waive notice of the execution of any BOND(s) and of the acceptance of this AGREEMENT by SURETY. PRINCIPAL(s) and INDEMNITOR(s) hereby waive all notice of any default, or any other act or acts giving rise to any claim under said BOND(s), as well as notice of any and all liability of SURETY under said BOND(s). PRINCIPAL(s) and INDEMNITOR(s) shall continue to be bound under this AGREEMENT, notwithstanding lack of notice to which they may have been otherwise entitled and notwithstanding any defenses that they would have been entitled to raise.

## RIGHT TO INFORMATION

**FIFTEENTH:** PRINCIPAL(s) and INDEMNITOR(s) will furnish SURETY such information as it may request from time to time concerning the financial condition of PRINCIPAL(s) and INDEMNITOR(s), the status of work under any CONTRACT(s), and/or the payment of obligations in connection therewith.

## BOOKS AND RECORDS

**SIXTEENTH:** At any time during this AGREEMENT and until such time as the liability of SURETY under all BOND(s) is terminated and SURETY is fully reimbursed all amounts due under this AGREEMENT, SURETY shall have the right of access to the books, records, accounts, documents, computer software, and other computer stored information of PRINCIPAL(s) and INDEMNITOR(s), wherever located, for the purpose of inspection, copying or reproduction. Any financial institution, depository, warehouse, supply house, or other person, firm or corporation, when requested by SURETY, is hereby authorized and required to furnish SURETY any and all information requested including, but not limited to: (i) the status of the work under any CONTRACT(s) being performed by PRINCIPAL(s); (ii) the condition of performance of any CONTRACT(s); (iii) payments or pending payments of accounts including undisbursed loan proceeds; and (iv) full information about all bank accounts and loans and any collateral deposited in connection therewith. Upon SURETY's request, PRINCIPAL(S) and INDEMNITOR(s) shall immediately deliver to SURETY, or its designee, at a time and place and in a manner determined by SURETY, such books, records, accounts, documents, computer software and other computer stored information, and contracts in whatever form, as and when requested by SURETY.

## PREMIUMS

**SEVENTEENTH:** PRINCIPAL(s) and INDEMNITOR(s) shall pay all premiums and charges of SURETY for the BOND(s) and for all policies of insurance whether procured from SURETY or from other insurance companies until PRINCIPAL(s) and INDEMNITOR(s) shall serve evidence satisfactory to SURETY of its discharge or release from all BOND(s) and all liability by reason thereof. The failure of PRINCIPAL(s) or INDEMNITOR(s) to pay premiums shall not constitute a defense to an action under this AGREEMENT.

## DISCHARGE FROM SURETYSHIP

**EIGHTEENTH:** PRINCIPAL(s) and INDEMNITOR(s) will, upon request of SURETY, take action to procure the discharge of SURETY from any BOND(s) and from any liability thereof. SURETY may, at any time take such action as it deems necessary or proper to obtain its release from any and all liability under any BOND(s). Upon discharge or release, SURETY shall return to PRINCIPAL(s) any portion of premium paid which is unearned as a result of such discharge provided that PRINCIPAL(s) is not indebted to SURETY for any other reason.

## SURETYSHIP COVERED

**NINETEENTH:** This AGREEMENT applies to all BOND(s) executed or procured by SURETY for the PRINCIPAL(s) in his own name or as co-venturer with others, whether prior to or subsequent to the execution and delivery of this AGREEMENT and from time to time until this AGREEMENT is terminated in accordance with its terms.

Contract Indemnity Form (Ed: 05/01/06)

## PROTECTION OF OTHER SURETIES

**TWENTIETH:** If SURETY procures the execution of any BOND(s) by other sureties or executes the BOND(s) with co-sureties, or reinsures any portion of said BOND(s) with reinsuring sureties, then all the terms and conditions of this AGREEMENT shall inure to the benefit, as their interests may appear, of such other sureties, co-sureties and reinsurers who shall have the right to maintain an action or actions on this AGREEMENT to enforce their rights hereunder.

## WAIVER OF HOMESTEAD RIGHT

**TWENTY FIRST:** PRINCIPAL(s) and/or INDEMNITOR(s) waive, so far as their respective obligations under this AGREEMENT are concerned, all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution or sale or other legal process under the laws of any state, territory or possession of the United States.

## NOTICE TO SURETY

**TWENTY SECOND:** PRINCIPAL(s) and INDEMNITOR(s) shall promptly provide all written notices to SURETY required in this AGREEMENT at 436 Walnut Street, WA10F, Philadelphia PA 19106, Attention: Surety Department, including but not limited to the following events:

A. Notice by any obligee on any BOND(s) for PRINCIPAL(s) that PRINCIPAL(s) is in default on any BOND(s) and/or CONTRACT(s) or has failed or refused to perform any CONTRACT(s);
B. Notice by any obligee on any BOND(s) for PRINCIPAL(s) that PRINCIPAL(s) cure its performance or show cause as to the reason(s) PRINCIPAL(s) should not be terminated or defaulted on any BOND(s) or CONTRACT(s); and
C. Notice by obligee that there has been a material change in the CONTRACT(s) in connection with the scope of work, the contract amount, the time or method for completion of such CONTRACT(s).

## CONSENT TO CHANGES

**TWENTY THIRD:** SURETY is authorized, without notice to or knowledge of PRINCIPAL(s) or INDEMNITOR(s), to assent to any change whatsoever in any BOND(s) and any CONTRACT(s) including, but not limited to, any change in the time for completion of CONTRACT(s) and for payments or advances thereunder, to assent to or to take any assignment or assignments, to execute or consent to execution of any continuations, extensions, renewals, enlargements, modifications, changes or alterations of any BOND(s) and to execute any substitute or substitutes therefore, with the same or different conditions, provisions and obligees and with the same or larger penalties, and PRINCIPAL(s) and INDEMNITOR(s) shall remain bound under the terms of this AGREEMENT even though any such assent by SURETY does or may substantially increase the liability of PRINCIPAL(s) and INDEMNITOR(s).

## SUBORDINATION OF INDEMNITORS

**TWENTY FOURTH:** PRINCIPAL(s) and INDEMNITOR(s) waive and subordinate all rights of indemnity, subrogation and contribution of each against the other until all obligations to SURETY under this AGREEMENT, at law or in equity, have been fully satisfied.

## ELECTION OF REMEDIES

**TWENTY FIFTH:** All rights and remedies of SURETY under this AGREEMENT shall be cumulative, and the exercise of or failure to exercise, any right or remedy at anytime shall not be an election of remedy or a waiver of any other right or remedy. Failure of SURETY to pursue any remedy against any one or more of PRINCIPAL(s) and INDEMNITOR(s) shall not release or waive any right against any other of the PRINCIPAL(s) and/or INDEMNITOR(s).

## OTHER INDEMNITY

**TWENTY SIXTH:** The rights, powers and remedies given to SURETY by this AGREEMENT shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which SURETY may have or acquire against PRINCIPAL(s) and INDEMNITOR(s) or others whether by the terms of any other agreement, by operation of law or otherwise.

PRINCIPAL(s) and INDEMNITOR(s) shall continue to remain bound under this AGREEMENT even though SURETY may have, at any time either prior to or after the execution of this AGREEMENT, with or without knowledge of PRINCIPAL(s) and INDEMNITOR(s), accepted or released other agreements of indemnity from PRINCIAPL(s), INDEMNITOR(s) or others or released collateral held in connection with the execution of BOND(s) or other policies of insurance.

## PARTIAL INVALIDITY OR EXECUTION

**TWENTY SEVENTH:** If any of the persons named herein as PRINCIPAL(s) and INDEMNITOR(s) fails to execute this AGREEMENT or if the execution hereof by any of the PRINCIPAL(s) and INDEMNITOR(s) shall be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner diminish or otherwise affect the obligation or liability hereunder of any other PRINCIPAL(s) and INDEMNITOR(s).

Failure of the PRINCIPAL(s) to sign any BOND(s) shall not relieve the PRINCIPAL(s) and INDEMNITOR(s) of liability under this AGREEMENT.

If any provision or provisions of this AGREEMENT are held to be void or unenforceable under the laws of the place governing its construction or enforcement, this AGREEMENT shall not be void or unenforceable thereby but shall continue in effect and be enforceable as though such provision or provisions were omitted.

## SEPARATE ACTION SETTLEMENT

**TWENTY EIGHTH:** Separate suits may be brought on this AGREEMENT against any and all of the PRINCIPAL(s) and INDEMNITOR(s) and the bringing of the suit or the recovery of a judgment upon any cause of action shall not prejudice or bar the bringing of another suit or suits at any time.

SURETY is hereby expressly authorized to settle any claim based upon this AGREEMENT with any one or more of PRINCIPAL(s) and/or INDEMNITOR(s) individually, and such settlement or compromise shall not affect the liability of any of the rest of the PRINCIPAL(s) and INDEMNITOR(s).

Contract Indemnity Form (Ed: 05/01/06)

## SET OFF

**TWENTY NINTH:** SURETY may reduce the amount of PRINCIPAL's and INDEMNITOR's liability to SURETY hereunder by applying to such liability any money payable to PRINCIPAL(s) and/or INDEMNITOR(s) by SURETY. The money payable to PRINCIPAL(s) or INDEMNITOR(s) may be, but is not limited to, any money payable by SURETY as an insurer of PRINCIPAL(s) or INDEMNITOR(s) or as an insurer of any other individual or legal entity, or any money payable to PRINCIPAL(s) or INDEMNITOR(s) as a return of unearned or other premium, or money payable to settle a claim of PRINCIPAL(s) or INDEMNITOR(s) against SURETY or any individual or legal entity insured or bonded by SURETY.

## WAIVER AND MODIFICATION

**THIRTIETH:** The rights and remedies afforded to SURETY by the terms of this AGREEMENT may not be waived or modified orally and no written change or modification shall be effective until signed by an officer of SURETY.

## TERMINATION

**THIRTY FIRST:** This is a continuing AGREEMENT which remains in full force and effect until terminated. If PRINCIPAL(s) or INDEMNITOR(s) previously executed a similar agreement of indemnity in favor of SURETY, SURETY's accepting this AGREEMENT neither terminates nor relieves PRINCIPAL(s) or INDEMNITOR(s) from such similar agreements unless terminated in accordance with the terms and conditions of such similar agreements.

This AGREEMENT may be terminated as to PRINCIPAL(s) or any INDEMNITOR(s) upon written notice sent by registered or certified mail to SURETY at its offices at 436 Walnut Street, WA10F, Philadelphia, PA 19106.

Termination of this AGREEMENT shall not be effective until thirty (30) days after receipt of said written notice by SURETY.

Termination of this AGREEMENT shall not relieve PRINCIPAL(s) or INDEMNITOR(s) from liability to SURETY arising out of BOND(s) executed, provided or procured by SURETY on behalf of PRINCIPAL(s) prior to the effective date of such termination.

IN WITNESS WHEREOF, THE UNDERSIGNED has/have executed this AGREEMENT this 17th day of February, 2012.

PRINCIPAL(s): PIONEER CONSTRUCTION MANAGEMENT SERVICES INC

By _____   Address 5713 Hollywood Blvd, Hollywood FL 33021
Name and Title DYAN RUEL MILES, PRESIDENT

By _____   Address _____
Name and Title _____

By _____   Address _____
Name and Title _____

By _____   Address _____
Name and Title _____

INDEMNITOR(s):

By _____   Address 12506 TEMPLE BLVD, WPB FL 33412
DYAN RUEL MILES

By _____   Address _____

By _____   Address _____

By _____   Address _____

By _____   Address _____

By _____   Address _____

By _____   Address _____

By _____   Address _____

Contract Indemnity Form (Ed: 05/01/06)

FOR NOTARIAL ACKNOWLEDGMENT OF PRINCIPAL(s)/INDEMNITOR(s)

### CORPORATE/LLC ACKNOWLEDGMENT

State of Florida )
County of BROWARD ) ss:
On this 17th day of February, 20 12, before me personally came **DYAN RUEL MILES** to me known, who being by me duly sworn, deposed and says that (he)(she) is the **PRESIDENT** of **Pioneer Construction Management Services Inc**, the corporation described in and which executed the foregoing Agreement; that (he)(she) knows the seal of the said corporation/company; that the seal affixed to the said Agreement is such corporate/company seal; that it was so affixed by the order of the Board of Directors of said corporation/company, and that (he)(she) signed (his)(her) name thereto by like order.

_____
(Signature of Notary Public)
My commission expires _____

[Notary seal: Notary Public State of Florida, Melaine Malcolm, My Commission EE 159118, Expires 01/11/2016]

### CORPORATE/LLC ACKNOWLEDGMENT

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known, who being by me duly sworn, deposed and says that (he)(she) is the _____ of _____, the corporation described in and which executed the foregoing Agreement; that (he)(she) knows the seal of the said corporation/company; that the seal affixed to the said Agreement is such corporate/company seal; that it was so affixed by the order of the Board of Directors of said corporation/company, and that (he)(she) signed (his)(her) name thereto by like order.

_____
(Signature of Notary Public)
My commission expires _____

### CORPORATE/LLC ACKNOWLEDGMENT

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known, who being by me duly sworn, deposed and says that (he)(she) is the _____ of _____, the corporation described in and which executed the foregoing Agreement; that (he)(she) knows the seal of the said corporation/company; that the seal affixed to the said Agreement is such corporate/company seal; that it was so affixed by the order of the Board of Directors of said corporation/company, and that (he)(she) signed (his)(her) name thereto by like order.

_____
(Signature of Notary Public)
My commission expires _____

### CORPORATE/LLC ACKNOWLEDGMENT

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known, who being by me duly sworn, deposed and says that (he)(she) is the _____ of _____, the corporation described in and which executed the foregoing Agreement; that (he)(she) knows the seal of the said corporation/company; that the seal affixed to the said Agreement is such corporate/company seal; that it was so affixed by the order of the Board of Directors of said corporation/company, and that (he)(she) signed (his)(her) name thereto by like order.

_____
(Signature of Notary Public)
My commission expires _____

### PARTNERSHIP ACKNOWLEDGMENT

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally comes _____ a member of the co-partnership of _____ to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same as and for the act and deed of the said co-partnership.

_____
(Signature of Notary Public)
My commission expires _____

### PARTNERSHIP ACKNOWLEDGMENT

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally comes _____ a member of the co-partnership of _____ to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same as and for the act and deed of the said co-partnership.

_____
(Signature of Notary Public)
My commission expires _____

Contract Indemnity Form (Ed: 05/01/06)

**INDIVIDUAL ACKNOWLEDGMENT**

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same.

_____
(Signature of Notary Public)
My commission expires _____

**INDIVIDUAL ACKNOWLEDGMENT**

State of Florida )
County of BROWARD ) ss:
On this 17th day of February, 20 12, before me personally came **DYAN RUEL MILES** to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same.

Melaine Malcolm
(Signature of Notary Public)
My commission expires _____

Notary Public State of Florida
Melaine Malcolm
My Commission EE 159118
Expires 01/11/2016

**INDIVIDUAL ACKNOWLEDGMENT**

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same.

_____
(Signature of Notary Public)
My commission expires _____

**INDIVIDUAL ACKNOWLEDGMENT**

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same.

_____
(Signature of Notary Public)
My commission expires _____

**INDIVIDUAL ACKNOWLEDGMENT**

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same.

_____
(Signature of Notary Public)
My commission expires _____

**INDIVIDUAL ACKNOWLEDGMENT**

State of _____ )
County of _____ ) ss:
On this _____ day of _____, 20___, before me personally came _____ to me known and known to me to be the person(s) who (is)(are) described in and who executed the foregoing Agreement; and acknowledge(s) to me that (he) (she) executed the same.

_____
(Signature of Notary Public)
My commission expires _____

Contract Indemnity Form (Ed: 05/01/06)