

June 1, 2018

*VIA EMAIL, AND CERTIFIED MAIL*
Erigene Belony, Esq.
The Belony Law Group, PLLC
One Flagler Building
14 Northeast First Avenue, Suite 502
Miami, Florida 33132

Re: **DEMAND FOR PAYMENT OF DAIKIN APPLIED AMERICAS, INC.'S CLAIM**
    Surety:     **Westchester Fire Insurance Company**
    Principal:  **Pioneer Construction Management Services, Inc.**
    Claim No.:  **KY17K2359753**

Dear Mr. Belony:

As you know, Westchester Fire Insurance Company (Westchester) is the surety on various bonds issued on behalf of Pioneer Construction Management Services, Inc. (Pioneer) pursuant to an indemnity agreement Pioneer and its indemnitors executed on or about February 17, 2012 (Indemnity Agreement or Agreement, attached hereto). Under the terms of the Agreement each of you agreed, jointly and severally to, among other things:

> [E]xonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including but not limited to court costs, counsel fees, costs of investigation, consultant fees, accountant fees, engineer or construction management fees, together with interest thereon at the maximum rate allowed by law, which Surety may sustain or incur by reason of or in consequence of the:

A. Execution or procurement of any Bond issued in reliance on this Agreement;
B. Failure of the Principal or Indemnitors to comply with any of the covenants or conditions of this Agreement;
C. Any Event of Default, as that term is defined in the Agreement;



Page 2
June 1, 2018
Pioneer Construction
Mr. Erigene Belony

    D. Enforcement of any covenant of this Agreement;
    E. Performance of any investigation, attempt or attainment of any release in connection with any Bond, or any loss or unpaid premium in connection with any Bonds;
    F. Prosecution or defense of any action or claim in connection with any Bonds, whether Surety, at its own discretion, elects to employ counsel of its own selection or permits or requires Principal or Indemnitors to make arrangements for Surety's legal representation; and
    G.  Attempt to recover losses or expenses paid or incurred in connection with this Agreement, contracts and /or Bonds.

On May 30, 2014, pursuant to the terms of the Indemnity Agreement, Westchester issued a payment bond, bond number K09007945 (Bond), on behalf of Pioneer and in favor of Broward County Board of County Commissioners, in the penal sum of $1,500,000.  The bond covered contract numbers T1144107B1, T1144108B1, and T1144109B1.

On or about October 23, 2017, Daikin Applied Americas Inc. (Daiken) furnished a Notice of Nonpayment/Notice of Claim against the Bond in the amount of $63,895.89, for the furnishing of a chiller to be incorporated into Hollywood Library located at 2600 Hollywood Boulevard, Hollywood, Florida, 33020.  On January 29, 2018, Daiken served a bond claim on Westchester in the amount of $63,895.89 (Claim).

Westchester denied the Claim maintaining that the chiller was delivered to the jobsite on August 14, 2017, outside the time period covered by the Bond, which expired on May 30, 2017. (See attached letter to Daikin dated March 20, 2018).  However, Daikin's payment demand recently resurfaced when its attorney sent a demand letter on May 21, 2018 to both Westchester and United States Fire Insurance Company, the successor and wholly unrelated surety on the Broward County contracts, asking for payment. Now the question must be asked again -  how and when does Pioneer intend to pay the Daikin Claim?

To date, Pioneer has not paid the Claim and therefore remains in Default under the terms of the Indemnity Agreement as it pertains to the Bond. Pursuant to the terms of the Indemnity Agreement, Westchester hereby demands that Pioneer pay the full amount of the Claim and requests a response within five (5) days of the date of this letter on the steps it will take to do so.



Page 3
June 1, 2018
Pioneer Construction
Mr. Erigene Belony

If Westchester is compelled to pay the Daikin Claim, Westchester will add the amount paid to the sum already owed by Pioneer and will seek indemnification for the total amount.

      This correspondence and all prior or subsequent communications are made with the express reservation of all rights and defenses that Westchester has or may have at law, in equity, under the terms and provisions of the Bond, the Indemnity Agreement, contract documents or otherwise. This reservation specifically includes all defenses resulting from Pioneer's failure to comply with notice requirements and any applicable time limitations for filing of legal actions.

                                     Sincerely,

                                       *Jonathan P. Cohen*

                                     Jonathan P. Cohen

Encl.



March 20, 2018

By email to: *michelle.brenno@daikinapplied.com*
and *certified mail*

Michelle Brenno
Associate General Counsel
Daikin Applied Americas Inc.
13600 Industrial Park Boulevard
Minneapolis, MN 55441

      ***Re: KY17K2359753 – Daikin Applied's bond claim filed under Westchester Fire Insurance Company payment bond, bond number K0900945***

Dear Ms. Brenno:

This office represents Westchester Fire Insurance Company in reference to Daikin Applied Americas Inc.'s ("Daikin") claim dated January 29, 2018 filed under Westchester's payment bond.

On May 30, 2014, Westchester issued a payment bond, bond number K09007945, on behalf of Pioneer Construction Management Services, Inc. ("Pioneer") and in favor of Broward County Board of County Commissioners, in the penal sum of $1,500,000. The bond covered contract numbers T1144107B1, T1144108B1, and T1144109B1.

After investigating Daikin's claim, Westchester has determined that the claim falls outside the time period covered by Westchester's payment bond, which expired May 30, 2017. According to Daikin's proof of claim and supporting documentation, Daikin furnished a chiller to be incorporated into the Hollywood Library project located at 2600 Hollywood Blvd., Hollywood, Florida, 33020, on August 14, 2017. This date falls outside the bond coverage period.

Westchester is required to pay all proper bond claimants "who furnish labor, services, or materials for the prosecution of the work provided for in the contract." 255.05(1)(c) Fla. Stat. (2017). However, Daikin's claim does not arise until it delivers the supplies to the jobsite and is incorporated into the project. *Bd. Of Public Instr. V. Fidelity & Casualty Co.*, 184 So. 2d 491, 493-494 (Fla. 2d DCA 1966). Given that the Westchester bond period expired May 30, 2017 and the date the chiller was furnished to the jobsite was August 14, 2017, the claim falls outside the bond period, and therefore the claim is denied. If Daikin has any additional documentation that Daikin feels would change this result, please forward to my office as soon as possible.



This correspondence and all prior or subsequent communications are made with the express reservation of all rights and defenses that the surety and/or the principal has or may have at law, in equity, under the terms and provisions of the bond, contract documents or otherwise. This reservation specifically includes all defenses resulting from a claimant's failure to comply with notice requirements and any applicable time limitations for the filing of legal actions.

Please let me know if you have any questions.

Yours truly,

*Jonathan P. Cohen*

Jonathan P. Cohen
For the Firm