UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61513-JEM

WESTCHESTER FIRE INSURANCE COMPANY,
a Pennsylvania corporation,

       Plaintiff,

   v.

PIONEER CONSTRUCTION MANAGEMENT
SERVICES, INC., a Florida corporation and DYAN
RUEL MILES, an individual,

       Defendants.

_____/

## PLAINTIFF WESTCHESTER FIRE INSURANCE COMPANY'S MOTION FOR DEFAULT FINAL JUDGMENT

Pursuant to Rule 55(b)(2) Fed. R. Civ. P., Plaintiff, Westchester Fire Insurance Company (Westchester) moves this Court for a default final judgment as to Defendants Pioneer Construction Management Services, Inc. (Pioneer Construction) and Dyan Ruel Miles (Miles) upon the complaint filed and served upon the Defendants. In support hereof, Westchester states as follows:

## I.  FACTUAL BACKGROUND

This claim arises out of Pioneer Construction's default on Bonds issued by Westchester. In particular, Pioneer Construction failed to pay various subcontractors on four construction projects supported by two separate bonds. Complaint ¶ 20 [DE#1] and Affidavit of Melissa Rice

and supporting documentation attached to and cited therein.[1] [DE #4]    Pioneer Construction at all relevant times operated as a construction company in the state of Florida, conducting business through its last known officer, Defendant Miles. Complaint ¶¶ 5 &6 [DE#1] Pioneer Construction requested Westchester to issue performance and payment bonds in connection with various construction projects in the state of Florida.   Complaint ¶8 [DE#1] Prior to issuing any performance and payment bonds to Pioneer Construction, Westchester required a promise of indemnity and hold harmless from  Pioneer Construction and Miles, jointly and severally (hereafter collectively, Indemnitors). Accordingly, on or about February 17, 2012, Pioneer Construction and Miles, jointly and severally, executed and delivered an Indemnity Agreement in favor or Westchester (Indemnity Agreement).  Pursuant to the Indemnity Agreement, Westchester received among other things, the written promise of Pioneer Construction and Miles, to jointly and severally, indemnify and hold Westchester harmless and exonerate Westchester from any and all loss, claims, and expenses that Westchester might sustain as a consequence of executing and issuing payment and performance bonds.  Complaint ¶¶ 9 – 14   [DE #1]; Affidavit of Melissa Rice [DE#4] and supporting documentation as attached to and cited therein; and Affidavit of Derek Popeil, ¶¶ 7 & 8, Exhibit A, hereto.

Thereafter, in reliance on Indemnitors' execution of the Indemnity Agreement, Westchester issued various bonds on behalf of Pioneer Construction including Bond Nos. K09007945 and K09263974 (the Bonds).  Complaint ¶¶ 15- 19 [DE #1]; Affidavit of Melissa Rice and supporting documentation as attached to and cited therein.  [DE#4]; Affidavit of Derek Popeil ¶ 9, Exhibit A, hereto.

---

[1] In the affidavit [DE#4], attached as Exhibit A to the Complaint, Ms. Rice has detailed the claims filed against Bonds issued by Westchester to Pioneer Construction and attached supporting documentation.

At the time the instant complaint was filed, Westchester had incurred paid claim losses and loss exposure as a result of Defendants' default under the terms of the Indemnity Agreement. Claims or demands for payments have been made by subcontractors against Westchester under the terms of the Bonds.  The losses as set forth in the Affidavits of Melissa Rice [DE #4] and Derek Popeil (Ex. A, hereto), are broken down as follows:

| | | |
|---|---|---|
| a. | Johnson Controls<br>Tree Tops Project<br>Bond 7945 | $81,582.00 |
| b. | Johnson Controls<br>Judicial Tower Project<br>Bond 7945 | $32,504.50 |
| c. | Trane<br>Peskoe Project<br>Bond No. 3974 | $17,736.07 |
| d. | Marmich<br>Peskoe Project<br>Bond No. 3974 | $32,691.52 |
| | **TOTAL:** | **$164,514.09** |

Complaint ¶¶ 20-39, 41 [DE#1] and Affidavit of Melissa Rice and supporting documentation attached to and cited therein.  [DE#4]; Affidavit of Popeil ¶¶ 11, 12 Exhibit A, hereto.

In addition to the paid losses of $164,514.09, at the time the Complaint was filed, Westchester faced loss exposure for the Daikin Applied claim.  As set forth in the Complaint [DE#1] and in the Affidavits of Melissa Rice [DE #4] and Derek Popeil (¶13, Exhibit A, hereto), Daikin filed a claim against Westchester as a result of Pioneer Construction's failure to pay the following claim:

| | |
|---|---|
| Daikin Applied America's Inc.<br>Hollywood Library Project<br>Bond No. 7945 | $63,895.89 |

Additionally, after the Complaint was filed, on August 6, 2018, Koldaire, Inc. (Koldaire) filed a claim for payment from Westchester Fire Insurance Company, *Koldaire, Inc. v. Westchester Fire Insurance Company*, Case No. CACE180118682 Division 13, Seventeenth Judicial Circuit, in and for Broward County. A copy of the Complaint is attached hereto as Exhibit 1 (the Koldaire Claim).  Koldaire seeks payment for work it performed pursuant to a subcontract with Pioneer Construction under Bond No. 7945. See Exhibit 1, hereto.  Koldaire seeks damages in the amount of $41,831.00 for furnished improvements for the project at Broward County Emergency Operations Center for which no payments have been made by Pioneer Construction.  Westchester has not made a payment on this claim. Affidavit of Derek Popeil, ¶ 14, Exhibit A, hereto.  As such, the Koldaire claim represents further loss exposure.

Under the terms of the Bonds, Westchester has incurred an obligation to pay the claims and has discharged all claims except for the Daikin and Koldaire claims which to date remain unpaid.  Complaint ¶ 42 [DE#1]; Affidavit of Melissa Rice [DE#4]; and Affidavit of Derek Popeil ¶¶ 10-16, attached hereto as Exhibit A. Subsequently, Westchester issued a demand for indemnity, exoneration, collateral/reserve deposit pursuant to the terms of the Indemnity Agreement. (Complaint ¶ 40 DE #1] and Affidavit of Melissa Rice and supporting documentation as attached to and cited therein. [DE#4]  And Westchester has notified Pioneer and Miles of the claims asserted against it and made demand for indemnification. Complaint ¶¶ 38, 39 & 41 [DE#1] and Affidavit of Melissa Rice ¶¶ 30-33, 35, 37 and supporting documentation as attached to and cited therein. [DE#4]  Westchester has made repeated attempts to contact Pioneer Construction and Miles, however, to date, neither has indemnified, or exonerated or posted collateral security with Westchester under the terms of the Indemnity Agreement.  Complaint at ¶¶ 43 &44 [DE #1]; Affidavit of Melissa Rice ¶¶ 30-33,  35, 37 and supporting documentation as attached to and cited

therein.  [DE#4]   Affidavit of Derek Popeil ¶ 21, Exhibit A, hereto.  As such, the Indemnitors'
failure to indemnify or exonerate Westchester, constitutes a material breach of the Indemnity
Agreement. [Complaint at ¶¶ 8-49 and Affidavit of Melissa Rice, and supported documentation
cited therein.

In addition to direct claims losses, Westchester continues to suffer losses under the Bonds
in the form of loss-adjusting expenses, attorneys fees in the amount of $37,293.10 and costs in the
amount of $599.90, in pursuing the enforcement of the parties' joint and several obligations under
the Indemnity Agreement, and reasonably expects further losses to continue including pre-
judgment interest.  Complaint ¶¶ 45 -48 [DE #1]; Affidavit of Derek Popeil ¶¶ 16-20, Exhibit A,
hereto.

## II. PROCEDURAL POSTURE

On July 3, 2018, Westchester filed a complaint in the United States District Court, for the
Southern District of Florida, alleging breach of indemnity agreement, common law
indemnity/reimbursement, exoneration, specific performance/reserve deposit and *quia timet*
against Defendants, Pioneer and Miles. [DE #1]. Along with the complaint, Westchester filed the
affidavit of Melissa Rice, (along with Exhibits), Senior Claims Specialist with Chubb North
America Claims, and the claims adjuster for Westchester, assigned to review claims filed on
performance and payment bonds issued by Westchester.  [DE #4, ¶¶ 3-4]

On July 5, 2018, two summonses were issued by this Court for Defendants Miles and
Pioneer.  [DE #3]   On August 1, 2018, at 10:50 a.m., Pioneer was served with summons and
complaint by leaving same with Yasmin Miles, authorized to accept, at the business address of
defendant located at 3711 SW 47th Avenue, #203, Hollywood, Florida, 33314. Exhibit 1 to Motion
for Entry of Clerk's default  [DE # 12-2]  Similarly, on the same date and at the same time, Miles

was served with summons and complaint by substituted service pursuant to § 48.031(1)a, Fla. Stat., by leaving same with Yasmine Miles, his wife, at the Pioneer business located at 3711 SW 47th Avenue #203, Hollywood, Florida, 33314. Exhibit 2, to Motion for Entry of Clerk's Default [DE #12-3]

A response was due on or before August 22, 2018. However, no responsive pleading was filed by Defendants Pioneer and/or Miles within the time limit prescribed by the Federal Rules of Civil Procedure and on August 31, 2018, Westchester filed a Motion for Entry of Clerk's Default pursuant to Rule 55(a) Fed. R. Civ. P. [DE #12] On September 4, 2018, this Court entered a Clerk's Default against Defendants Pioneer and Miles. [DE #13]

On September 5, 2018, this Court entered an Order on Default Final Judgment Procedure directing Plaintiff to file a Motion for Default Final Judgment no later than September 14, 2018, and to "immediately send a copy of the Order to Defendants and file a certificate of service on the record." [DE #14] Accordingly, on September 5, 2018, Westchester sent a copy of the Order to Defendants and filed a certificate of service on the record on September 14, 2018. [DE#15].

## III. GROUNDS FOR MOTION

Rule 55, Fed. R. Civ. P. provides a "two-step procedure for obtaining a default judgment." (citation omitted). First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. See Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, "if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending in the lawsuit." *Scottsdale Ins. Co. v. MGLS, Inc.,* No. 13-80590-CIV 2014 U.S. Dist. LEXIS 193689 *4 (S.D. Fla. Jan. 14, 2014). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on

appeal the facts thus established." *Id.* at *5 citing *Buchanan v. Bowman*, 820 F. 2d 359, 261 (11th Cir. 1987)(internal quotation and citation omitted in the original).  Once "a default is entered by the Clerk pursuant to Rule 55(a), the court must review the sufficiency of the complaint before determining whether the moving party is entitled to a default judgment pursuant to Rule 55(b). . . If the admitted facts are sufficient to establish liability, then the court must ordinarily ascertain the appropriate amount of damages and enter final judgment in that amount."  *Id.* at *5 citing *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206.  See also, *Ordonez v. Icon Sky Holdings, LLC,* 2011 U.S. Dist. LEXIS 96939 *14 (S.D. Fla. 2011).

"Damages may only be awarded if the record adequately reflects the basis for such an award, and a party can meet its burden by submitting detailed affidavits establishing the facts necessary to support entitlement to the damages requested." *Total Compliance Network, Inc. v. Total Compliance Servs., LLC*,  2018 U.S. Dist. LEXIS 97808 *10 (S.D. Fla. Jun. 18, 2018) (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).  "An evidentiary hearing on the appropriate amount of damages is not required by Rule 55 and it is within the Court's discretion to choose whether such a hearing should take place." *Total Compliance* at *10 (citing *SEC v. Smyth,* 420 F.3d 1225, 1232, n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc*., 449 F. App'x 908, 911-12 (11th Cir. 2011).  The court may dispense with an evidentiary hearing where all the essential evidence is on record. *Suzuki Motor Corp. v. Jiujiang Hison Boat Mfg., Co*., 2012 U.S. Dist. LEXIS 100402 *18 (S.D. Fla. Jun. 29, 2012) (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

IV.    **LEGAL ARGUMENT**

A. **Westchester is entitled to a final default judgment on its claims against Defendants**

As set forth above, Defendants Pioneer Construction and Miles were properly served with the complaint and a clerk's default was properly entered [DE #13].  Accordingly, this Court may enter a default final judgment against Pioneer Construction and Miles and award damages to Westchester for paid claim losses in the amount of $164,514.09, and order the posting of collateral in the amount of $105,726.89 for loss exposure, sums that are made certain by computation and supported by the affidavit of Melissa Rice, and exhibits thereto [DE#4] and the affidavit of Derek Popeil, Exhibit A, hereto.  Accordingly, Pioneer has provided sufficient documentation to establish its damages and the Court need not hold a hearing.  See, *Am. Constrs. Indem. Co. v. Midwest Crete Constr.*, 2016 U.S. Dist. LEXIS 131913 *3 (M.D. Fla. Sept. 27, 2013).

1. Westchester is entitled to a default final judgment on Count I for breach of the Indemnity Agreement

After a clerk's default has been entered, "a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide sufficient legal basis for such entry." *Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla.* U.S. Dist. LEXIS 184601 *11 (M.D. Fla.  Dec. 20, 2013).

Here, the allegations are sufficient to state a claim for breach of contractual indemnity. By failing to answer the complaint, Defendants admit that (1) the parties entered into an Indemnity Agreement whereby Westchester received the written promise of Defendants, jointly and severally, to indemnify, exonerate and hold Westchester harmless from any and all loss, claims, and expenses that Westchester might sustain as a consequence of executing and issuing payment and performance bonds on behalf of Pioneer Construction. Complaint ¶¶ 10 -14 [DE#1]; (2) a copy of the Indemnity Agreement is attached to the complaint. Complaint at ¶ 10, Exhibit A-1 to

Affidavit of Melissa Rice, Exhibit A to Complaint [DE#1]; (3) Defendants breached the Indemnity Agreement. Complaint ¶¶ 15- 49, 55-53 [DE#1]; Affidavit of Melissa Rice and attached Exhibits; (4) Westchester received claims against the Bonds. Complaint ¶¶ 21- 49 [DE#1]; Affidavit of Melissa Rice as cited therein and supporting Exhibits;  (5)  Westchester performed all conditions precedent to be performed. Complaint ¶ 54; (6) Westchester demanded that Defendants comply with their contractual obligations to indemnify Westchester and post collateral security.  Complaint ¶¶ 38-39, 40-42[DE#1]; and Affidavit of Melissa Rice as cited therein with supporting Exhibits; (6) Defendants have failed to indemnify or post collateral security with Westchester.  Complaint ¶¶ 53, 72 [DE#1]; Affidavit of Melissa Rice ¶¶ 30-38, and supporting documentation cited to and attached thereto. [DE#4] (7) as a result, Westchester incurred damages; Complaint ¶¶ 55, 75-77 [DE#1] and Affidavit of Melissa Rice ¶¶ 6-38 and supporting documentation cited to and attached thereto. See, *Am. Constrs. Indem. Co. v. Midwest Crete Constr.*, 2016 U.S. Dist. LEXIS 131913 *2-4 (M.D. Fla. Sep. 26, 2016); see also, *Developers Sur. & Indem. Co. v. Lewis Walker Roofing*, 2017 U.S. Dist. LEXIS 82557 *8 (M.D. Fla. May 31, 2017).

Additionally, under established Florida case law, "an indemnitee makes a *prima facie* showing that its costs and expenses are reasonable by demonstrating that it incurred and paid the sums." *Developers Sur. & Indem. Co.* at *8 citing *Travelers Cas. & Surety Co. of Am. v. Grace & Naeem Uddin*, Inc., 2009 U.S. Dist. LEXIS 126652 at *2 (S.D. Fla. Nov. 18, 2009); *In re Cisneros,* 2012 Bankr. LEXIS 4561, at *2 n.4 (Bankr. N.D. Cal. Oct. 1, 2012); see also *Travelers Cas. & Sur. Co. of Am. v. Winmark Homes, Inc.,* 518 F. App'x 899, 903-904 (11th Cir. 2013)(awarding an indemnitee attorneys' fees and expenses under an indemnity agreement because the indemnitee made a *prima facie* showing of its loss, which the defendant failed to

rebut.) "The burden then shifts to the Defendants to demonstrate that the costs and expenses are unreasonable. *Id.* citing *Grace*, 2009 U.S. Dist. LEXIS 126652, at *2 (emphasis in the original).

Accordingly, Westchester is entitled to its incurred claim losses in the amount of $164,514.09 and collateral security in the amount of $105,726.89, prejudgment interest, attorneys' fees' and costs and such further relief the Court deems just and proper.

2.  <u>Westchester is entitled to a default final judgment on Count II on its claim for breach of common law indemnity/reimbursement</u>

Common law indemnity requires that "(1) the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another; and (2) indemnification can only come from a party who is at fault." *Fidelity & Guar.*, 707 F. Supp. 2d 1300, 1313; *Dade Cty. Sch. Bd., v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999); *Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla.*, 2013 U.S. Dist. LEXIS 184601, *18-21 (M.D. Fla. Dec. 20, 2013). Additionally, "Florida courts have required a special relationship between the parties in order for common law indemnification to exist." *Dade Cty. Sch. Bd.,* 731 So.2d at 642.

Here, the allegations are sufficient to state a claim for breach of common law indemnity. By failing to answer the complaint, Defendants admit that (1) a special relationship exists between Pioneer Construction as the principal and primary obligor under the Bonds and Westchester. Complaint at ¶ 57 [DE#1]; (2) Westchester is without fault. Complaint ¶ 58 [DE#1]; (2) Westchester's liability for the payments on all valid bond claims is vicarious and solely due to the wrongful conduct of Pioneer Construction defaulting and failing to make such payments. Complaint at ¶ 59 [DE#1]; (3) Westchester has suffered a direct and proximate loss and is entitled to have Pioneer Construction reimburse Westchester for these losses incurred in the performance of Pioneer Construction's obligations. ¶ 60 [DE#1]. *Allegheny Cas. Co. at * 18-21.

Accordingly, Westchester is entitled to damages from Defendants jointly and severally in the amount of $164,514.09, for incurred claim losses, and for attorneys' fees and costs and prejudgment interest and for such other relief as the Court deems just and proper.  Complaint at ¶¶ 48-49.

*3.*  <u>Westchester is entitled to a default final judgment on Counts III of its claim for exoneration</u>

As the *Allegheny* Court has explained, in Florida,

> exoneration and *quia timet* are accepted legal principles-at law and at equity- which provide a surety with the right to compel payment by a principal and/or indemnitors after specific demand has been made on the surety, or upon no demand but when reasonable grounds for anticipating that the surety's rights are being jeopardized in a potential loss situation, such as when the principal or indemnitors refuse to post collateral as security for a probable bond liability.

*Allegheny Cas. Co.* at *14. (citing *Developers Sur. and Indem. Co. v. Electric Serv. & Repair, Inc*., 2009 U.S. Dist. LEXIS 112955 *1 (S.D. Fla Nov. 13, 2009).

By failing to answer the complaint, Defendants admit that (1) Defendants entered into an indemnity agreement in favor or Westchester, which agreement contains an exoneration provision Complaint at ¶¶ 8-19 [DE#1]; (2) Westchester issued the bonds in reliance on Defendants executing the indemnity agreement in favor or Westchester. Complaint at ¶8-19. [DE#1] (3) Pioneer entered into contract with subcontractors and that claims for non-payment have been made against the bonds. Complaint   ¶¶ 20-37 [DE#1]; (4) the Indemnity Agreement provides for exoneration. Complaint ¶ 12; and Exhibit A-1 to Melissa Rice Affidavit [DE#4]; (5)  Westchester demanded collateral security deposit. Complaint ¶¶ 38-41[DE#1];  Westchester has incurred and is liable to Westchester for paid losses and loss adjustment expenses associated with the investigation, defense and/or handling of the bond claims. Complaint ¶¶ 62-63 & 65 [DE#1]; (6) Westchester will not be adequately secured for any obligations that have arisen and may arise under the Bond as a result of Pioneer Construction's breaches of the Indemnity Agreement all to

the prejudice and irreparable harm of Westchester. Complaint at ¶66 [DE#1];  (7) Without adequate security Westchester will be prejudiced because it will be required to advance further funds in connection with claims on the Bonds. Compliant ¶ 67 [DE#1]; (8) The costs have become fixed and are due. Complaint at ¶ 64; (9) Defendants have refused to exonerate Westchester. Complaint  ¶¶ 62-65 [DE #1]; and Affidavit of Derek Popeil, ¶ 19, Exhibit A, hereto.

When as here, Defendants admit that their surety has incurred losses, courts have found that the interests of justice support specific performance.  See, *Allegheny Cas. Co.* at *14-16 Accordingly, Westchester is entitled to specific performance as to its claims for exoneration, and the Court should enter an order requiring Pioneer Construction to (1) immediately post collateral with Westchester, or otherwise place Westchester in funds, for losses, expenses and other obligations in connection with the Projects for which Westchester is, or may be liable under the Bonds, in the amount of $164,514.09 for incurred claim losses, and for $105,726.89  arising out potential claim losses related to the Daikin and the Koldaire claims filed against Westchester under the bond as a result of Pioneer's default, and for attorneys' fees and costs and prejudgment interest. See Affidavits of Melissa Rice and Exhibits thereto and of Derek Popeil,  Exhibit A hereto and Exhibit 1 thereto.

4. Plaintiff is entitled to a default final judgment on Count IV for specific performance - reserve deposit

"The equitable remedy of specific performance may be granted at the discretion of the trial court if [plaintiff] shows 1) it is clearly entitled to it, 2) there is no adequate remedy at law, and 3) the judge believes that justice requires it." *Allegheny Cas. Co.* at *12 (quoting *Travelers Cas. And Sur. Co. v. Indus. Comm. Structures, Inc.,* 2012 U.S. Dist. LEXIS 145229, *2 (M.D. Fla. Oct. 9, 2012) (quoting *Invego Auto Parts Inc. v. Rodriguez*, 34 So.3d 103, 104 (Fla. 3d DCA 2010) and *Castigliano v. O'Connor*, 911 So.2d 145, 148 (Fla. 3d DCA 2005).

By failing to respond to the complaint, Defendants admit that (1) they entered into an indemnity agreement in favor of Westchester. Complaint at ¶¶ 8-14 [DE#1];  (2) that Westchester issued bonds in reliance on the parties' executing the Indemnity Agreement. Complaint at ¶¶ 15-19 [DE#1]; (3) claims have been made on the bonds. Complaint at ¶¶ 20-37 and 41 [DE#1]; (4) Westchester faces loss exposure in the amount of $105,726.89. Complaint at 20-37 [DE #1]; Affidavit of Melissa Rice [DE#4] and Affidavit of Derek Popeil, Exhibit A, hereto; (5) Westchester set a reserve to cover loss exposure. Affidavit of Derek Popeil ¶12; (6) Westchester demanded that they provide collateral security pursuant to the terms of the Indemnity Agreement. Complaint ¶¶ 38- 43, 71 [DE#1]; (7) under the Indemnity Agreement Westchester is entitled to collateral security. Complaint ¶¶ 70, 73-74 [DE#1]; (8) Defendants did not post the collateral security deposit. Complaint ¶¶ 43-45, 72 [DE#1]; Affidavit of Derek Popeil ¶ 21, Exhibit A, hereto; (9) Defendants' failure to post the collateral security deposit has and continues to cause irreparable harm to Westchester. Complaint ¶¶ 75-77 [DE#1] and Affidavit of Derek Popeil ¶22, Exhibit A, hereto.

These well-pleaded allegations clearly demonstrate Westchester is entitled to specific performance of the collateral security provision of the Indemnity Agreement.  See *Allegheny Cas. Co.* at *12-13 citing *Travelers Cas. and Sur. Co*., 2012 U.S. Dist. LEXIS 145229, at *3. ("The nature of the injury in collateral security cases is the lack of collateralization while claims are pending, and nothing can remedy that injury after the fact.") Further, when as here, Defendants admit that their surety has incurred losses, courts have found that the interests of justice support specific performance. *Id.* (and cases cited therein).  Pursuant to the contractual exoneration claim, Westchester may receive an award of damages in the amount for which its liability has already matured.  See *Allegheny* *20-21, citing *Great Am. Ins. Co*., 2008 U.S. Dist. LEXIS 42731 *5.

Accordingly, Westchester in entitled to specific performance and the Court should require Pioneer to immediately post collateral with Westchester or otherwise place Westchester in funds for anticipated losses and other obligations in connection with the claims for which Westchester is or may be liable under the Bonds, including attorneys' fees and costs and for such other relief as the Court deems just and proper.

5. Westchester is entitled to a default final judgment on Count V, on its claim for *quia timet*

Westchester has a common law right to *quia timet*. See *Developers Sur. & Indem. Co. at* *2-4 (S.D. Fla. Nov. 13, 2009); *Great Am. Ins. Co. v. General Contrs. & Constr. Mgmt*., 2008 U.S. Dist. LEXIS 42731 *8-10 (S.D. Fla. May 29, 2008). See Complaint ¶¶ 80-89 [DE#1]. Accordingly, Westchester requests that the Court enter a judgment requiring Pioneer to immediately post collateral with Westchester or otherwise place Westchester in funds for anticipated losses, expenses and other obligations in connection with the claims for which Westchester is or may be liable under the Bonds and for attorneys' fees and costs and for such other relief as the Court deems just and proper.

6. Westchester is entitled to recover its attorneys' fees and costs

Pursuant to the Indemnity Agreement, Westchester is entitled to recover its reasonable attorneys' fees and costs. See, *Total Compliance Network, Inc. v. Total Compliance Servs. LLC*, at *12. See *Allegheny* at *22. The Indemnity Agreement specifically provides:

PRINCIPAL(s) and INDEMNITOR(s) shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including but not limited to court costs, counsel fees, costs of investigation, consultant fees . . . which SURETY may sustain or incur by reason of or in consequence of the:

    A. Execution or procurement of the execution of the BOND(s);
    B. Failure by PRINCIPAL(s) or INDEMNITOR(s) to perform or comply with any of the covenants or conditions of this AGREEMENT;
    C. Any Event of Default herein;

    D.  Enforcement of any covenant of this AGREEMENT;

    E.  …

    F.  Prosecution or defense of any action or claim in connection with any BOND(s), whether SURETY, at its own discretion, elects to employ counsel of its own selection or permits or requires PRINCIPAL(s) or INDEMNITOR(s) to make arrangements for SURETY'S legal representation; and

    G.  Attempt to recover losses or expenses paid or incurred in connection with this AGREEMENT, CONTRACT(s) and/or BONDS(s).

Payment shall be made to SURETY by the PRINCIPAL(s) and/or INDEMNITOR(s) as soon as liability exists or is asserted against SURETY, whether or not SURETY shall have made any payment therefor.  Such payment shall be equal to whatever amount SURETY, in its judgment, shall deem sufficient to protect it from loss.

Indemnity Agreement, Complaint, Exhibit A-1 [DE#4-1]

In Florida "a contract which provides for the payment of attorneys' fees is binding and must be enforced by the trial court." *Burger King Corp. v. Mason,* 710 F.2d 1480, 1496 (11th Cir. 1983)   In support hereof, Westchester has provided the affidavit of the undersigned Jonathan P. Cohen, Esquire, of the law firm of Jonathan P. Cohen P.A., affidavit of Jonathan P. Cohen attached as Exhibit B hereto, and the affidavit of Derek A. Popeil, Asst. Vice President and Surety Claims Manager.  Mr. Popeil has attested that Westchester has incurred a total of $37, 293.10 in attorneys' fees and costs in the amount of $599.90 and continues to accrue expenses and costs.    Affidavit of Derek Popeil ¶¶18-19, Exhibit A hereto.

    7.  <u>Westchester is entitled to pre-judgment interest</u>

In Florida where there is no contract rate establishing the appropriate interest rate, the interest rate is set annually by the Chief Financial Officer.  See Fla. Stat. §§55.03.  See Florida Department of Financial Services, Statutory Interest Rates, available at https://www.myfloridacfo.com/division/aa/vendors/JudgmentInterestRates.htm (last accessed September 13, 2018).  Westchester is entitled to pre-judgment interest from the date of its losses.

<u>Westchester requests that the Court retain jurisdiction to ascertain the amount of pre-judgment interest to be determined at the time of the judgment.</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment of default against Defendants PIONEER CONSTRUCTION MANAGEMENT SERVICES, INC., and DYAN RUEL MILES awarding Plaintiff

1. damages for paid claim losses in the amount of $164,514.09.

2. collateral security for loss exposure in the amount of $105,726.89.

3. attorneys' fees in the amount of $37, 293.10, which continue to accrue and should be determined as of the date of the Judgment.

4. costs in the amount of $599.90.

5. prejudgment interest in the amount of $6,579.94.

6. Additionally, Westchester requests that the Court retain jurisdiction to determine attorneys' fees and costs and pre-judgment interest.

Dated: September 14, 2018

Respectfully submitted,

*/s/Jonathan P. Cohen*
Jonathan P. Cohen,
FBN:11526
jcohen@jcohenpa.com
Jonathan P. Cohen P.A.
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394
Tel. (954) 462-8850
Fax. (954) 848-2987
service@jcohenpa.com
**Attorneys for Plaintiff**
**Westchester Fire Insurance Company**
service@jcohenpa.com

<u>CERTIFICATE OF SERVICE</u>

I certify service of a true copy of the foregoing documents upon all Defendants and all known counsel of record by CM/ECF on this 14th day of September 2018, and by Regular U.S. Mail and by personal service to effected upon Defendants to the addresses as follows:

Pioneer Construction Management Services, Inc.
3711 SW 47th Ave, #203,
Hollywood, FL 33314

Dyan Ruel Miles
2080 S. Ocean Dr. #212
Halladale, FL 33009