UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61513-JEM

WESTCHESTER FIRE INSURANCE COMPANY,
a Pennsylvania corporation,

      Plaintiff,

v.

PIONEER CONSTRUCTION MANAGEMENT SERVICES, INC., a Florida corporation and DYAN RUEL MILES, an individual,

      Defendants.
_____/

### WESTCHER FIRE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF BILL OF TAXABLE COSTS

Plaintiff, WESTCHESTER FIRE INSURANCE COMPANY ("Westchester"), by and through its undersigned counsel, pursuant to Fed. R. Civ. Pro. 54(d)(1), 28 U.S.C. §§1920 & 1924 and Southern District of Florida Local Rule 7.3(c), hereby files its Memorandum in Support of Bill of Taxable Costs, and in support thereof states:

### SUMMARY

The Clerk issued a default against all Defendants in this matter on September 4, 2018. (DE #13). This Court entered a Final Default Judgment ("Final Default Judgment") against Defendants on August 14, 2019, making Westchester the prevailing party. (DE #22). Westchester has filed a Bill of Costs, which this memorandum is filed in support of, seeking taxation of $599.90 in costs. The costs Westchester's seeks to tax were necessarily incurred, more than reasonable given the nature of this matter and are taxable under 28 U.S.C. §1920. The minimal costs Westchester seeks to tax are comprised of (1) The required filing fee to initiate this matter in the amount of $403.50

1

(*See* 28 U.S.C. §1920(1)); (2) Service of process fees for service on two named defendants in the total amount of $105.00 (*See* 28 U.S.C. §1920(3)); and (3) Certifying the non-military status of one individual defendant in support of a Motion for Clerk's Default, in compliance with the Servicemembers Civil Relief Act, in the total amount of $91.50 (*See* 28 U.S.C. §1920(4)). Westchester has fully complied with the requirements of Local Rule 7.3(c) and 28 U.S.C. §1924 and as such respectfully requests the Clerk tax costs against Defendants, Pioneer Construction Management Services, Inc. ("Pioneer") and Dyan Ruel Miles ("Miles"), in this matter in the amount of $599.90 as allowed under Fed. R. Civ. Pro. 54(d), 28 U.S.C. §1920 and Southern District of Florida Local Rule 7.3(c).

## **PROCEDURAL BACKGROUND**

Westchester filed its Complaint against Pioneer and Miles in this matter on July 3, 2018 and paid to the Clerk the required filing fee of $403.50. (DE #1; Receipt No. 113C-10789488). A response was due on or before August 22, 2018. However, Miles and Pioneer both failed to file a responsive pleading or otherwise enter an appearance in the matter. On August 31, 2018, Westchester filed a Motion for Entry of a Clerk's Default pursuant to Fed. R. Civ. Pro. 55(a). (DE #12). The Clerk issued the default against Pioneer and Miles on September 4, 2018. (DE #13). Westchester filed its Motion for Default Final Judgment on September 14, 2018. [DE #16]. This Court issued the Final Default Judgment on August 14, 2019. [DE #22]. In paragraph 3 of the Final Judgment, the court reserved jurisdiction to "determine the amount of prejudgment interest and attorneys' fees and costs to which Plaintiff is entitled" and ordered same be filed on or before 14 days from the date of the Final Judgment.

## **MEMORANDUM OF LAW & ARGUMENT**

Fed. R. Civ. Pro. 54(d) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. Pro. 54(d) further specifies that the "clerk may tax costs on 14 days' notice…". Westchester is clearly the prevailing party as a Final Default Judgment has been entered in its favor for all relief sought in its Complaint against both defendants. Therefore, Westchester is entitled to taxation of its costs under Fed. R. Civ. Pro. 54(d).

28 U.S.C. 1920, Taxation of Costs, states a "bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. §1920 further specifies that a clerk may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"Fees for exemplification" as allotted for under 28 U.S.C. §1920(4), has been defined by the 11th Circuit as follows:

> [W]e conclude that the term "exemplification" imports the legal meaning of "an official transcript of a public record, authenticated as a true copy for use as evidence".

*Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1297 (11th Cir. 2001). Westchester has itemized costs as in the Bill of Costs and Affidavit of Jonathan P. Cohen, Esq. as follows:

- Clerk's Filing Fee (*Receipt No. 113C-10789488*)   $403.50
- Service of Complaint and Summons   $105.00
- <u>Non-Military Affidavit Status/Affidavit</u>   <u>$ 91.40</u>
   TOTAL   $599.90

Therefore, the minimal costs Westchester seeks to tax are filing fees, service of process fees and exemplification of a public record (i.e. certification of non-military status), all of which are taxable under 28 U.S.C. §1920.

Southern District of Florida Local Rule 7.3(c) states a bill of costs pursuant to 28 U.S.C. §1920 shall be filed and submitted on form AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. §1920.  Further, Local Rule 7.3(c) states "the bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by memorandum not exceeding ten (10) pages."  Accordingly, Westchester has filed a form Bill of Costs and attached thereto copies of documentation showing the amount of costs as Composite Exhibit "A".

28 U.S.C. §1924 states before the clerk may tax costs "the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  Accordingly, an affidavit in accordance with the requirements of Local Rule 7.3(c) has been filed as Exhibit "B" to the Bill of Costs.

## **CONCLUSION**

Westchester respectfully requests the Clerk, or alternatively, the Court, tax costs of $599.90 against Defendants upon 14 days' notice and make it a part of the Judgment issued against them, which shall accrue interest at the prevailing rate until paid in full.

Dated: August 28, 2019

Respectfully submitted,

*/s/Jonathan P. Cohen*
Jonathan P. Cohen,  Esq.
FBN:11526
jcohen@jcohenpa.com
Jonathan P. Cohen P.A.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394
Tel. (954) 462-8850
Fax. (954) 848-2987
service@jcohenpa.com
**Attorney for Plaintiff**
**Westchester Insurance Company**

CERTIFICATE OF SERVICE

I certify service of a true copy of the forgoing document was served upon all known counsel of record via CM/ECF and on all defendants on this 28th Day of August 2019, via Regular & Certified U.S. Mail to the addresses as follows:

Pioneer Construction Management Services, Inc.
3711 SW 47th Ave, #203
Hollywood, FL 33314

Dyan Ruel Miles
2080 S. Ocean Dr., #212
Hallandale, FL 33009

Pioneer Construction Management Services, Inc.
c/o Desmond Marsh, Inc, RA
7900 NW 27th Avenue
Miami, FL 33147

*/s/ Jonathan P. Cohen*
Jonathan P. Cohen, Esq.