UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61513-JEM

WESTCHESTER FIRE INSURANCE COMPANY,
a Pennsylvania corporation,

      Plaintiff,

  v.

PIONEER CONSTRUCTION MANAGEMENT SERVICES, INC., a Florida corporation and DYAN RUEL MILES, an individual,

      Defendants.
_____/

**PLAINTIFF WESTCHESTER FIRE INSURANCE COMPANY'S VERIFIED MOTION FOR AWARD OF PREJUDGMENT INTEREST AND ATTORNEYS' FEES**

    Plaintiff, WESTCHESTER FIRE INSURANCE COMPANY (Westchester), by and through undersigned counsel, and pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), Southern District of Florida Local Rule 7.3, and this Court's Final Default Judgment Against Defendants [ECF No. 22], hereby files its Verified Motion for Award of Prejudgment Interest and Attorneys' Fees ("Motion"), against Defendants, DYAN RUEL MILES ("Miles") and PIONEER CONSTRUCTION MANAGEMENT SERVICES, INC. ("Pioneer Construction") (hereinafter collectively referred to as Defendants or "Indemnitors") and in support thereof states:

**FACTUAL BACKGROUND**

    This matter arises out of Pioneer Construction's default on two payment bonds issued by Westchester covering four construction projects when Pioneer Construction failed to pay various subcontractors. (Complaint ¶2 20 [DE #1]; Affidavit of Melissa Rice and supporting documentation attached to and cited therein [DE #4]). At all relevant times, Pioneer Construction

1

operated as a construction company in the state of Florida, conducting business through its last known officer, Defendant Miles. (Complaint ¶¶ 5 &6 [DE#1]).  Pioneer Construction requested Westchester issue performance and payment bonds in connection with various construction projects in the state of Florida. (Complaint ¶8 [DE#1]). Prior to issuing any performance and payment bonds to Pioneer Construction, Westchester required a promise of indemnity and a hold harmless agreement from Pioneer Construction and Miles, jointly and severally (hereafter collectively, "Indemnitors"). Accordingly, on or about February 17, 2012, Pioneer Construction and Miles, jointly and severally, executed and delivered an Indemnity Agreement in favor of Westchester ("Indemnity Agreement").

Pursuant to the Indemnity Agreement, Westchester received among other things, the written promise of Pioneer Construction and Miles, to jointly and severally, indemnify and hold Westchester harmless and exonerate Westchester from any and all loss, claims, and expenses that Westchester might sustain as a consequence of executing and issuing payment and performance bonds. (Complaint ¶¶ 9 – 14 [DE #1]; Affidavit of Melissa Rice and supporting documentation as attached to and cited therein [DE#4].  Thereafter, in reliance on Indemnitors' execution of the Indemnity Agreement, Westchester issued various bonds on behalf of Pioneer Construction including Bond Nos. K09007945 and K09263974 ("Bonds"). (Complaint ¶¶ 15- 19 [DE #1]; Affidavit of Melissa Rice and supporting documentation as attached to and cited therein [DE#4].

## PROCEDURAL BACKGROUND

Westchester filed its Complaint in this matter on July 3, 2018 ("Indemnity Action") by and through its attorney of record, Jonathan P. Cohen, P.A. and Jonathan P. Cohen, Esq (hereinafter referred to as "JPC") seeking posting of collateral based on estimated loss exposure and for recovery of paid losses for claims made on the Bonds.  (DE #1).  At the time the instant complaint

was filed, Westchester had incurred paid claim losses to multiple claimants and loss exposure as a result of Defendants' default under the terms of the Indemnity Agreement. (hereinafter referred to as "Claims"). A response was due on or before August 22, 2018. However, Miles and Pioneer failed to file a responsive pleading or otherwise enter an appearance in the matter. On August 31, 2018, Westchester filed a Motion for Entry of a Clerk's Default pursuant to Fed. R. Civ. Pro. 55(a). (DE #12). The Clerk issued the default against Pioneer and Miles on September 4, 2018. (DE #13). On September 5, 2018, this Court entered an Order on Default Final Judgment Procedure directing Westchester to file a Motion for Default Final Judgment no later than September 14, 2018. (DE #14).

Westchester filed its Motion for Default Final Judgment on September 14, 2018. [DE #16]. This Court issued a Final Default Judgment Against Defendants ("Final Default Judgment") on August 14, 2019. [DE #22]. In paragraph 3 of the Final Judgment, the Court reserved jurisdiction to "determine the amount of prejudgment interest and attorneys' fees and costs to which Plaintiff is entitled" and ordered same be filed on or before 14 days from the date of the Final Default Judgment.

## ENTITLEMENT TO ATTORNEYS' FEES

The Final Default Judgment states "[t]he Court **RESERVES JURSDICTION** to determine the *amount of* prejudgment interest and attorneys' fees and costs to which Plaintiff is entitled." (Emphasis added). Although it appears the Court has already held Westchester is entitled to reasonable attorneys' fees and interest, Westchester provides the legal support for an award of attorneys' fees as follows:

Fed. R. Civ. Pro. 54(d)(2) states a "claim for attorney's fees and related nontaxable expenses must be made by motion *unless the substantive law requires those fees to be proved at*

3

*trial as an element of damages*." (Emphasis added).  Westchester is seeking two categories of attorneys' fees: (1) attorneys' fees incurred, both prior to and after the filing of this Indemnity Action, through the handling of Claims and defending lawsuits filed against Westchester related to the Bonds, to which it is entitled under the Indemnity Agreement as damages in this Indemnity Action; and (2) attorneys' fees incurred in prosecuting this Indemnity Action.  While Rule 54(d)(2) requires Westchester to file a motion for attorneys' fees with respect to only the fees incurred in this Indemnity Action, Westchester has also included the legal support, and an argument of the reasonableness of attorneys' fees related to Claims and other lawsuits which were sought as an element of damages.

Attorneys' Fees: Claims and Lawsuits

The Indemnity Agreement executed by Defendants allows for Westchester to recover its reasonable attorneys' fees and costs incurred in handling any and all claims filed or asserted against the Bond and any fees and costs incurred in seeking reimbursement or collateral from Pioneer for payment of said claims asserted against the Bond. The Indemnity Agreement specifically provides:

> PRINCIPAL(s) and INDEMNITOR(s) shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including but not limited to court costs, counsel fees, costs of investigation, consultant fees . . . which SURETY may sustain or incur by reason of or in consequence of the:
>
> > A. Execution or procurement of the execution of the BOND(s);
> > B. Failure by PRINCIPAL(s) or INDEMNITOR(s) to perform or comply with any of the covenants or conditions of this AGREEMENT;
> > C. Any Event of Default herein;
> > D. Enforcement of any covenant of this AGREEMENT;
> > E…

4

      F. Prosecution or defense of any action or claim in connection with any BOND(s), whether SURETY, at its own discretion, elects to employ counsel of its own selection or permits or requires PRINCIPAL(s) or INDEMNITOR(s) to make arrangements for SURETY'S legal representation; and

      G. Attempt to recover losses or expenses paid or incurred in connection with this AGREEMENT, CONTRACT(s) and/or BONDS(s).

Payment shall be made to SURETY by the PRINCIPAL(s) and/or INDEMNITOR(s) as soon as liability exists or is asserted against SURETY, whether or not SURETY shall have made any payment therefor. Such payment shall be equal to whatever amount SURETY, in its judgment, shall deem sufficient to protect it from loss.

(See Indemnity Agreement attached to Complaint as Exhibit A-1 [DE#4-1]) (language cited above hereinafter referred to as "Attorneys' Fees Clause"). In Florida "a contract which provides for the payment of attorneys' fees is binding and must be enforced by the trial court." *Burger King Corp. v. Mason,* 710 F.2d 1480, 1496 (11th Cir. 1983). Westchester sought recovery of its attorneys' fees incurred prior to the filing of this Indemnity Action in all 7 counts of its Complaint, one of which, "Count VI – Recovery of Attorneys' Fees and Expenses", was a count solely for for recovery of all attorneys' fees, which at the time of filing totaled $29,674.00 [DE#1, ¶ 91]. This Court issued a Default Final Judgment, thereby entitling Westchester to all relief sought in its Complaint (subject to a determination as to reasonableness of said fees). Therefore, the Court should find that Westchester is entitled to recover reasonable attorneys' fees incurred in handling all Claims and lawsuits related to the Bonds under the terms of this Indemnity Agreement.

<u>Attorneys' Fees: Indemnity Action</u>

     Florida courts follow the Supreme Court's definition of prevailing party: one who succeeds on "any significant issue" in the litigation that "achieves some of the benefit the parties

5

sought." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 809–810 (Fla. 1992); *Kelsey*, 31 So. 3d at 254 ("[F]or purposes of attorney's fees, the prevailing party is the party that prevailed on the significant issues in litigation."). Applying the preceding law, Westchester is the prevailing party in this case as all relief it sought was awarded within the Final Default Judgment. Therefore, the Court should find that Westchester is entitled to recover reasonable attorneys' fees incurred in the prosecution of this Indemnity Action under the terms of the Indemnity Agreement.

### AMOUNT OF WESTCHESTER'S ATTORNEYS' FEES

In support of its request for attorneys' fees, Westchester has attached hereto the affidavits Derek A. Popeil, Asst. Vice President and Surety Claims Manager (Exhibit A) and Jonathan P. Cohen, Esq. (Exhibit B), attesting that Westchester has incurred a total of $80,384.50 in attorneys' fees and costs in the amount of $599.90 (which have been requested via a Bill of Costs filed separately, but simultaneously to this Motion).

#### Indemnity Action & Claims

At the time the complaint was filed in this Indemnity Action, Westchester had incurred paid claim losses and loss exposure as a result of Defendants' default under the terms of the Indemnity Agreement. There were five Claims made on two separate bonds, and as more fully set out in Westchester's Motion for Default Final Judgment (DE #16), in the Affidavit of Melissa Rice [DE #4], breakdown as follows:

a. Johnson Controls
   Tree Tops Project
   Bond No. 7945

b. Johnson Controls
   Judicial Tower Project
   Bond No. 7945

6

    c.  Trane
        Peskoe Project
        Bond No. 3974

    d.  Marmich
        Peskoe Project
        Bond No. 3974

    e.  Daikin Applied America's Inc.
        Hollywood Library Project
        Bond No. 7945

Through August 28, 2019, JPC has spent 237.1 hours in prosecuting this Indemnity Action and handling the Claims made on the Bonds. Accordingly, Westchester has incurred attorneys' fees totaling $61,563.00, with the hours and rates more particularly itemized as follows:

| TIMEKEEPER | ROLE | RATE | HOURS EXPENDED |
|---|---|---|---|
| Jonathan P. Cohen, Esq. | Attorney | $275.00/Hour | 69.4 |
| Beatriz Carta, Esq. | Associate Attorney | $260.00/Hour | 156.9 |
| Elizabeth Rivera, Esq. | Associate Attorney | $260.00/Hour | .4 |
| Tammy Kalascz | Paralegal | $125.00/Hour | 10.7 |

JPC's time records for Westchester's attorneys' fees through August 28, 2019 for the Indemnity Action and Claims are attached to the Affidavit of Jonathan P. Cohen, Esq. (Exhibit B-1), filed in support of this Motion.

Westchester is entitled to recoupment of all attorneys' fees incurred in handling any and all claims received under the Bonds per the Indemnity Agreement. (See Indemnity Agreement Attorneys' Fees Clause, Section B, C, D, and F). Westchester is also entitled to recoupment of all attorneys' fees incurred in this Indemnity Action (See Indemnity Agreement Attorney Fees Clause, Section G). Wherefore, Westchester respectfully requests the Court award it $61,563.00 in attorneys' fees for handling this Indemnity Action and Claims.

<u>Koldaire v. Westchester</u>

After the Complaint in this matter was filed, Koldaire, Inc. (Koldaire) filed a claim for

payment from Westchester and filed a lawsuit in the Seventeenth Judicial Circuit in and for Broward County, Florida, *Koldaire, Inc. v. Westchester Fire Insurance Company*, Case No. CACE18-0118682. ("Koldaire matter").

Through August 28, 2019, JPC spent 73.7 hours defending Westchester in the Koldaire matter and as such Westchester has incurred attorneys' fees totaling $18,821.50. The hours spent on the Koldaire matter are more particularly itemized as follows:

| TIMEKEEPER | ROLE | RATE | HOURS EXPENDED |
|---|---|---|---|
| Jonathan P. Cohen, Esq. | Attorney | $285.00/Hour | 32.6 |
| Beatriz Carta, Esq. | Associate Attorney | $260.00/Hour | 22.7 |
| Elizabeth Rivera, Esq. | Associate Attorney | $260.00/Hour | 9.3 |
| Tammy Kalascz | Paralegal | $135.00/Hour | 9.1 |

JPC's time records for Westchester's attorneys' fees through August 28, 2019 for the Koldaire matter are attached to the Affidavit of Jonathan P. Cohen, Esq. (Exhibit B-2), filed in support of this Motion.

Westchester is entitled to recoup its attorneys' fees incurred in defending the lawsuit filed by Koldaire under the Indemnity Agreement (See Indemnity Agreement Attorneys' Fees Clause Section D, F). Wherefore, Westchester respectfully requests the court award Westchester $18,821.50 in attorneys' fees for its defense in the Koldaire matter.

<u>Conclusion: Amount of Attorneys' Fees</u>

Wherefore, Westchester respectfully requests the Court award it all attorneys' fees incurred to date as a result of Pioneer's default under the terms of the Indemnity Agreement, handling Claims under the Bonds and this Indemnity Action, totaling $80,384.50 ($61,563+$18,821.50).

## **REASONABLENESS OF ATTORNEYS' FEES**

In this Circuit, the Court "is itself an expert" on the reasonableness of an attorneys' fee claim "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses to value.'" *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Additionally, this Circuit has also found it "perfectly proper to award attorney's fees based solely on affidavits in the record." *Id.*

"In calculating reasonable fees, the trial court must determine the number of hours reasonably expended and a reasonable hourly rate, then multiply the two to arrive at the 'lodestar' amount." *Wolfe v. Nazaire*, 758 So. 2d 730, 733 (Fla. 4th DCA 2000). When "determining reasonable attorney fees, courts [in Florida] should utilize" the following criteria:

> D. The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
> E. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> F. The fee customarily charged in the locality for similar legal services.
> G. The amount involved and the results obtained.
> H. The time limitations imposed by the client or by the circumstances.
> I. The nature and length of the professional relationship with the client.
> J. The experience, reputation, and ability of the lawyer or lawyers performing the services.
> K. Whether the fee is fixed or contingent.

*Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

The Affidavit of Jonathan P. Cohen, Esq. regarding the reasonableness of the attorneys' sought herein is attached to this Motion (See Exhibit B), with supporting time records also provided (See Exhibit B-1&2). The hourly rates JPC's attorneys and paralegals charged for handling the Bond Claims, the Koldaire matter and this Indemnity Action are reasonable both given the nature of the matter and the level of experience of JPC's attorneys. This Court has found

9

rates nearly double that of JPC's attorneys reasonable in other construction related matters. Further, the amount of time JPC spent on the Bond Claims, the Koldaire matter and this Indemnity Action are also reasonable. While the Bond Claims did not involve litigation, there was a substantial amount of time spent investigating the veracity of the Claims and working to settle the Bond Claims without the necessity of litigation. The Koldaire matter did result in litigation including lengthy discovery and remains ongoing to this day. This Indemnity Action was filed as a result of the numerous Claims made on the Bonds and the amount of time spent was only as necessary to bring the matter to completion.

## ENTITLEMENT TO PREJUDGMENT INTEREST

The Final Default Judgment states "[t]he Court **RESERVES JURSDICTION** to determine *the amount of* prejudgment interest and attorneys' fees and costs to which Plaintiff is entitled." (Emphasis added). Although it appears the Court has already held Westchester is entitled to prejudgment interest, Westchester provides the legal support required for an award of prejudgment interest against Defendants:

> The Indemnity Agreement specifically provides:
>
>> PRINCIPAL(s) and INDEMNITOR(s) shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature… *together with interest thereon at the maximum rate allowed by law*…(Emphasis added).

Additionally, the Florida Supreme Court promulgated the general rule that "prejudgment interest is allowed in Florida for actions based on contract from the date the debt is due." *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995). "The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it

was due is entitled not only to the payment of the principal of the debt but *to interest at the lawful rate from the due date thereof.*" *Id.* at 390, quoting *Parker v. Brinson Construction Co.*, 78 So. 2d 873, 874 (Fla. 1955).

## AMOUNT OF PREJUDGMENT INTEREST

The Florida Supreme Court has determined that prejudgment interest awards are governed by the "loss theory." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214-15 (Fla. 1985). "Under the loss theory, the purpose of awarding prejudgment interest is to make the plaintiff whole." *Ariz. Chem. Co., LLC v. Mohawk Indus.*, 197 So. 3d 99, 102-03 (Fla. 1st DCA 2016). "In consideration of the compensatory goal of prejudgment interest awards in Florida, the law of this state is that 'when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.'" *Id.* citing *Argonaut*, 474 So. 2d at 215. "A verdict is said to have the effect of liquidating damages as long as the verdict establishes the loss and 'the pertinent date can be ascertained from the evidence.'" *Id.* citing *Pace v. Property Fin. Auth., Inc.*, 24 So. 3d 1271, 1272 (Fla. 1st DCA 2009).

In Florida where there is no contract rate establishing the appropriate interest rate, the interest rate is set annually by the Chief Financial Officer. See Fla. Stat. §55.03(1). See also Florida Department of Financial Services, Statutory Interest Rates, available at https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm (last accessed August 24, 2019). As of July 1, 2019, the statutory interest rate is 6.77% per year or .0185479% per day.

The Final Default Judgment was issued on August 14, 2019 and ordered Defendants to "post collateral in the amount of $105,762.89, representing $63,895.89 in loss exposure for Daikin

Applied America's Inc. Hollywood Library Project Bond 7945 and $41,831.00 in loss exposure for Koldaire Broward County Emergency Ops. Ctr. Bond 7945, within thirty (30) days of the entry of this Order."  The Final Default Judgment further awarded Westchester "the amount of $164,514.09, representing $81,582.00 in claims losses for Johnson Controls Tree Tops Project Bond 7945, $32,504.50 in claim losses for Johnson Controls Judicial Tower Project Bond 7945, $17,736.07 in claim losses for Trane Peskoe Project Bond 3974, and $32,691.52 in claim losses for Marmich Peskoe Project Bond 3974." Accordingly, Westchester's losses have been liquidated and prejudgment interest can be calculated therefrom.

The Affidavit of Melissa Rice [DE #4], provides clear evidence of the date the debts owed to Westchester became due, specifically the dates upon which Westchester made payment to the claimant(s) on the Claim(s).  (Exhibit C). In the case of Koldaire, the debt to Westchester came due on the date the Complaint was filed against Westchester seeking recovery under the Bond (Affidavit of Derek Popeil in Support of Motion for Default Final Judgment, DE #16-1, 16-2).

Westchester is entitled to pre-judgment interest on its losses from the date of the loss through August 14, 2019 at the rate of .000185479 per day, more specifically described and calculated in 'Exhibit C' attached hereto.  Westchester respectfully requests an award of $20,678.90 in prejudgment interest against Defendants.

## CONCLUSION

Wherefore, Westchester respectfully requests this Court find Westchester's attorneys' fees reasonable, award it a total of $80,384.50 in attorneys' fees, $20,678.90 in prejudgment interest against Defendants, jointly and severally, and any further relief this Court deems just and proper.

Dated: August 28, 2018

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Respectfully submitted,

_____
Jonathan P. Cohen, Esq.
FBN:11526
jcohen@jcohenpa.com
Jonathan P. Cohen P.A.
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394
Tel. (954) 462-8850
Fax. (954) 848-2987
service@jcohenpa.com
**Attorneys for Plaintiff**
**Westchester Fire Insurance Company**

CERTIFICATE OF SERVICE

I certify service of a true copy of the forgoing document was served upon all known counsel of record via CM/ECF and on all defendants on this 28th Day of August 2019, via regular & certified U.S. Mail to the addresses as follows:

Pioneer Construction Management Services, Inc.
3711 SW 47th Ave, #203
Hollywood, FL 33314

Dyan Ruel Miles
2080 S. Ocean Dr., #212
Hallandale, FL 33009

Pioneer Construction Management Services, Inc.
c/o Desmond Marsh, Inc, RA
7900 NW 27th Avenue
Miami, FL 33147

/s/ **Jonathan P. Cohen**
Jonathan P. Cohen, Esq.