UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61513-JEM

WESTCHESTER FIRE INSURANCE COMPANY,
a Pennsylvania corporation,

      Plaintiff,

v.

PIONEER CONSTRUCTION MANAGEMENT SERVICES, INC., a Florida corporation and DYAN RUEL MILES, an individual,

      Defendants.
_____/

**AFFIDAVIT OF DEREK A. POPEIL IN SUPPORT OF WESTCHESTER'S VERIFIED MOTION FOR AWARD OF PREJUDGMENT INTEREST AND ATTORNEYS' FEES**

STATE OF NEW JERSEY    )
    )
COUNTY OF SOMERSET    )

    I, Derek A. Popeil, (Affiant) being duly sworn (affirmed) according to law, depose and say:

    1.    I am authorized to make this affidavit on behalf of Westchester Fire Insurance Company, being the holder of the office of Assistant Vice President and the Surety Claims Manager.

    2.    I am over eighteen years of age and I have personal knowledge of the facts set forth herein.

    3.    As Assistant Vice President and Surety Claims Manager, I am responsible for managing the claims against bonds issued by Westchester, including the claims asserted in this action.

1

4. It is my responsibility in the regular course of business to obtain, maintain records, and review documents, related to claims filed against Bonds issued by Westchester. I am familiar with those records, and in the manner in which they are created, stored, and maintained by Westchester. The documents attached as Exhibits A-1 through A-11 to Melissa Rice's affidavit [DE #4] are records kept by Westchester in the regular course of business. The claims documents contained therein were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters. The records attached thereto are the exact duplicates of the originals contained in the Wetchester Claims file for Pioneer Construction claims.

6. As such, I have reviewed the documents contained in the Westchester/Pioneer Construction claims file and provided to the Court as Exhibits A-1 through A-11 to Melissa Rice's Affidavit [DE #4] and I have personal knowledge of its contents.

7. On or about February 17, 2012, Defendants Pioneer Construction Management Services, Inc. (Pioneer Construction) and Dyan Ruel Miles (Miles) jointly and severally (hereafter collectively, Defendants or Indemnitors), executed and delivered an Agreement of Indemnity in favor of Westchester (Indemnity Agreement). See Ex. A-1 to Affidavit of Melissia Rice [DE #4] for a true and correct copy of the Indemnity Agreement.

8. Pursuant to the Indemnity Agreement, Westchester received among other things, the written promise of Pioneer Construction and Miles to jointly and severally indemnify and hold Westchester harmless from any and all loss, claims, and expenses that Westchester might sustain as a consequence of executing and issuing payment and performance bonds. See Ex. A-1 to Affidavit of Melissia Rice [DE #4] for a true and correct copy of the Indemnity Agreement.

9. Pursuant to the terms of the Indemnity Agreement, and in reliance thereon, Westchester issued bonds to Pioneer Construction as bond principal for various construction projects in Broward and Miami-Dade Counties, including:

   a. Bond No. K09007945, dated May 30, 2014, in the amount of $1,500,000.00 to Pioneer Construction as bond principal and Broward County Board of County Commissioners as obligee (Bond No. 7945). A copy of Bond 7945 is attached as Exhibit A-2 to the Affidavit of Melissa Rice [DE#4]

   b. Bond No. K09263974, dated September 16, 2015, in the amount of $882,491.00 (Bond No. 3974). A copy of Bond 3974 is attached as Exhibit A-3 to Affidavit of Melissa Rice [DE #4]

10. Westchester filed this lawsuit to enforce the Indemnitors contractual obligation to (1) indemnify Westchester for the paid losses already incurred; and (2) collateralize and exonerate Westchester so that it does not incur additional paid losses from the loss exposure it currently faces.

11. Westchester retained the law firm of Jonathan P. Cohen, P.A, to prosecute the matter and has incurred attorneys' fees to date in the amount of $80,384.50, and costs in the amount of $599.90, as a result of defendants' breach of the Indemnity Agreement. These amounts continue to accrue in the Koldaire litigation. I am familiar with these attorneys' fees because Westchester retained the law firm of Jonathan P. Cohen, P.A.

12. I have reviewed the time records submitted by Jonathan P. Cohen, P.A. (Exhibits B-1 and B-2 to Affidavit of Jonathan P. Cohen, Esq.) and certify that they are the same as the records submitted to Westchester for payment.

13. I further attest that Westchester is authorize to enter into the agreement with Jonathan P. Cohen P.A., to provide legal services to enforce the terms of the Indemnity Agreement and the hourly rates being charged by Jonathan P. Cohen, P.A. and staff are reasonable and ordinary for the industry.

FURTHER AFFIANT SAYETH NAUGHT.

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

_____
**DEREK A. POPEIL**
Assistant Vice President and Surety Claims Manager
150 Allen Road, Suite 101
Basking Ridge, New Jersey 07920