UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61513-JEM

WESTCHESTER FIRE INSURANCE COMPANY,
a Pennsylvania corporation,

       Plaintiff,

v.

PIONEER CONSTRUCTION MANAGEMENT SERVICES, INC., a Florida corporation and DYAN RUEL MILES, an individual,

       Defendants.
_____/

### AFFIDAVIT OF JONATHAN P. COHEN, ESQ. IN SUPPORT OF WESTCHESTER'S VERIFIED MOTION FOR AWARD OF PREJUDGMENT INTEREST AND ATTORNEYS' FEES

STATE OF FLORIDA    )
                              )
COUNTY OF BROWARD  )

      I, Jonathan P. Cohen, Esquire, being duly sworn (affirmed) according to law, depose and say:

      1.    I am over the age of eighteen, and I have personal knowledge of the matters contained in this affidavit.

      2.    I have been a member in good standing with the Florida Bar since 2005 (Florida Bar No. 11526).

      3.    I am the managing partner of Jonathan P. Cohen, P.A. (the Firm), a Florida professional corporation, with its principal place of business located at 500 E. Broward Blvd., Suite 1710, Fort Lauderdale, Florida, 33394.

4. It is my responsibility in the regular course of business to obtain, and maintain records related to my firm's business records including client files, retainer agreements with clients, billing by the attorneys' and paralegals who work on firm matters as well as invoicing for the work performed by the attorneys and paralegals on client matters. As managing partner, I am responsible for and direct the work performed related to the claims asserted against the Bonds issued by Westchester Fire Insurance Company. Accordingly, I am familiar with the Westchester business records as set forth above, and in the manner in which they are created, stored and maintained by Jonathan P. Cohen, P.A. The business records attached hereto as Exhibits 1 & 2 are records kept by this Firm in the regular course of business. They were made at or near the time of occurrence by, or from information transmitted by, a person with knowledge of those matters. The records attached hereto are the exact duplicates of the originals and kept by my firm in the regular course of business.

5. I have reviewed the documents contained therein and I have personal knowledge of its contents.

6. On or about February 15, 2018, the Firm was retained by Westchester to represent its interests in the above-styled matter.

7. The Firm has represented Westchester and has rendered legal services in relation to the parties in relation to the above-styled claim since that date.

8. There have been three attorneys and one paralegal who have worked on the matter:

    i. Jonathan P. Cohen, Esquire, lead attorney;
    ii. Beatriz M. Carta, Esquire, associate;
    iii. Elizabeth Rivera, Esquire, associate; and
    iv. Tammy Kalacz, paralegal

9. Since 2018, the firm has expended the following number of hours as specified below in paragraph 10, in its representation of Plaintiff in this matter and in other non-litigated matters including:

   a. Investigating the claims asserted by the various claimants in the matter;

   b. Assessing the validity of the claims;

   c. Researching various legal issues including those related to indemnification, collateralization, and validity of claims;

   d. Communicating with Broward County regarding outstanding contract amounts for projects covered by the Bonds;

   e. Requesting collateral and indemnification from Defendants;

   f. Reviewing and analyzing documents provided by client to assess potential claims against Defendants;

   g. Drafting complaint, affidavits, and supporting documentation;

   h. Drafting, serving and filing summonses for service upon Defendants;

   i. Preparing a motion for entry of Clerk's Default;

   j. Preparing a motion for final default judgment;

   k. Responding to a summons and complaint served upon Westchester by Koldaire and participating in subsequent discovery of the claims and issues presented within same;

   l. Responding to and negotiating a resolution to a motion to consolidate the Koldaire lawsuit with another lawsuit; and

   m. Communicating with Westchester regarding legal strategy on the claims and litigation.

10. I, Jonathan P. Cohen, have worked 69.4 hours on the matter at a rate of $275.00 per hour and 32.6 hours at a rate of $285.00 per hour. Multiplying the number of hours worked (69.4), at a rate of $275.00 per hour, I have billed of $19,085.00 in attorneys' fees. Multiplying the

3

number of hours worked (32.6), at a rate of $285.00 per hour, I have billed $9,291.00 in attorneys' fees. Accordingly, I have billed a total of $28,376.00 in attorneys' fees.

11. Ms. Carta has been a member in good standing with the Florida Bar since May 1990. (Florida Bar No. 843512). Ms. Carta's rate on this matter is $260.00 per hour. As of August 28. 2019, Ms. Carta has worked 179.6 hours at the rate of $260.00 on this matter. Multiplying the number of hours worked by Ms. Carta (179.6), by her hourly rate of $260.00, Ms. Carta has billed a total amount of $46,696.00 in attorneys' fees. Ms. Carta left the Firm in March 2019.

12. Ms. Rivera has been a member in good standing with the Florida Bar since 2008 (Florida Bar No. 57330). Mrs. Rivera's rate on this matter is $260.00 per hour. As of August 28, 2019, Mrs. Rivera has worked 9.7 hours at the rate of $260.00 on this matter. Multiplying the number of hours worked by Ms. Rivera (9.7), by her hourly rate of $260.00, Mrs. Rivera has billed a total amount of $2,522.00 in attorneys' fees.

13. Ms. Kalascz has been a member of the Firm since 2015. She has been a paralegal since 2011. Her rate on this matter is $125-135.00 per hour. She has spent 10.7 hours on this matter at $125.00 per hour and 9.1 hours at $135.00 per hour. Multiplying the number of hours worked by Ms. Kalascz (10.7) by her hourly rate of $125.00, Ms. Kalascz has billed $1,337.50 in fees. Multiplying the number of hours worked by Ms. Kalascz (9.1) by her hourly rate of $135.00, Ms. Kalascz has billed $1,228.50. Accordingly, Ms. Kalascz has billed a total of $2,566.00.

14. The invoices that the undersigned offers to the Court in support of Westchester's Motion for Attorneys' Fees, are true and correct copies of the invoices provided or to be provided to Westchester, and accurately reflect the time spent in the tasks described in the representation of Westchester in the above-described matter. (Exhibits 1 - 8).

15. Expenses and fees incurred are compensable under the terms of the Indemnity Agreement, as set forth in the Complaint [DE#1], and the Affidavits of Melissa Rice [DE#4] and the Affidavit of Derek Popeil (Exhibit A).

16. I affirm that I have reviewed the invoices, that I am responsible for the billings reflected therein, and authenticate that the information contained therein is true and correct.

17. I further affirm that the costs and fees charged as reflected in Exhibits B-1 and B-2 are reasonable given the amount of work expended in the preparation of the complaint, affidavits, motion for default final judgment, the answer to the Koldaire complaint, discovery served and received from Koldaire, the resolution of the motion to consolidate, and the various related communications with Westchester, Pioneer, Broward County and other entities or people relating to the claims and litigation.

18. Due to the number of years of legal experience possessed by Ms. Carta, Ms. Rivera, Ms. Kalasz and me, the individual hourly rates reflect the market rate in South Florida and are therefore reasonable.

FURTHER AFFIANT SAYTH NAUGHT.

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

_____
Jonathan P. Cohen

STATE OF FLORIDA
COUNTY OF __Broward__

Sworn to and subscribed before me on this 28th day of August 2019, by Jonathan P. Cohen, who is ___ personal known to me OR ✓ who produced identification (FL Drivers License).
(Seal)

_____
Signature of Notary Public
Notary Name: __Jordan Jones__

Jordan Jones
State of Florida
My Commission Expires 04/16/2022
Commission No. GG 208025

5

Jordan Jones
State of Florida
My Commission Expires 01/16/2022
Commission No. GG 200025